ALAN AMORE ET AL. *v.* EMIL FRANKEL, COMMISSIONER
OF TRANSPORTATION
(14689)

CALLAHAN, BORDEN, BERDON, NORCOTT and KATZ, Js.

Argued November 4, 1993—decision released January 25, 1994

*Michael J. O'Sullivan,* for the appellant (defendant).

*Robert J. Enright,* for the appellee (named plaintiff).

KATZ, J. The dispositive issue before the court is whether the trial court correctly granted a motion to

dismiss for lack of subject matter jurisdiction. The basis of the trial court's ruling was that the plaintiff's claim did not come within the exception to sovereign immunity provided by General Statutes §§ 13a-144 and 13b-30,[1] because the plaintiff had failed to allege that the repair and maintenance of the driveway on which he had fallen, which was located on the campus of the University of Connecticut and was not within the "state

[1] General Statutes § 13a-144 provides: "DAMAGES FOR INJURIES SUSTAINED ON STATE HIGHWAYS OR SIDEWALKS. Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. Such action shall be tried to the court or jury, and such portion of the amount of the judgment rendered therein as exceeds any amount paid to the plaintiff prior thereto under insurance liability policies held by the state shall, upon the filing with the comptroller of a certified copy of such judgment, be paid by the state out of the appropriation for the commissioner for repair of highways; but no costs or judgment fee in any such action shall be taxed against the defendant. This section shall not be construed so as to relieve any contractor or other person, through whose neglect or default any such injury may have occurred, from liability to the state; and, upon payment by the comptroller of any judgment rendered under the provisions of this section, the state shall be subrogated to the rights of such injured person to recover from any such contractor or other person an amount equal to the judgment it has so paid. The commissioner, with the approval of the attorney general and the consent of the court before which any such action is pending, may make an offer of judgment in settlement of any such claim. The commissioner and the state shall not be liable in damages for injury to person or property when such injury occurred on any highway or part thereof abandoned by the state or on any portion of a highway not a state highway but connecting with or crossing a state highway, which portion is not within the traveled portion of such state highway. The requirement of notice specified in this section shall be deemed complied with if an action is commenced, by

highway system,"[2] were the responsibility of the commissioner of transportation by virtue of a request for repair or maintenance having been made by any official of the University of Connecticut.

a writ and complaint setting forth the injury and a general description of the same and of the cause thereof and of the time and place of its occurrence, within the time limited for the giving of such notice."

General Statutes § 13b-30 provides: "MAINTENANCE OF ROADS ON STATE PROPERTY. From funds appropriated to the department of transportation for general operations, the commissioner of transportation shall, on request of the state agency having jurisdiction over the property involved, maintain and improve the roads and drives on the grounds of state institutions, state parks, state forests and other state agencies, including the Connecticut Marketing Authority, such maintenance to include the removal of snow."

[2] General Statutes § 13a-14 provides: "STATE HIGHWAY SYSTEM. There shall be a system of state highways which shall include (a) state primary highways, which are highways serving the predominant flow of traffic between the principal towns of this state and between such towns and similar towns of the surrounding states; (b) state secondary highways, which are connecting and feeder highways which supplement the state primary system by serving the predominant flow of traffic between the smaller towns of the state and between such towns and other towns in this state and in surrounding states; and (c) state special service highways, which are highways which provide access from the primary and secondary systems of state highways to federal and state facilities."

General Statutes § 13a-15 provides: "INCLUSION OF INTERSTATE HIGHWAY SYSTEM IN STATE SYSTEM. All sections of the National System of Interstate and Defense Highways in Connecticut, commonly known as the interstate highway system, as provided for in the Federal Aid Highway Act of 1956, as amended, shall be included in the state highway system."

General Statutes § 13a-16 provides: "OFFICIAL MAP. TRANSFERS TO LOCAL JURISDICTION. The state highway system shall be that system of highways as shown on the official map marked 'State of Connecticut, State Highway System, Committee to Reclassify All Public Roads, Edwards and Kelcey–Engineers and Consultants, January 13, 1961' and on file in the office of the commissioner and the secretary of the state, as the same may be altered from time to time in accordance with the provisions of sections 13a-42, 13a-43, 13a-44, 13a-45 and 13a-56 and any other provisions of the general statutes authorizing or empowering the commissioner to plan, construct, reconstruct, repair, improve, manage, maintain and operate any highway. Before transferring any road from state to local jurisdiction within the time limits described below, the commissioner shall put such road in reasonably good condition and shall be open to negotiation with the selectmen of any town concerning the condition of any such road upon transfer for a period of at least sixty days before such transfer becomes effective.

The relevant facts are reported in the decision of the Appellate Court, to which the plaintiffs appealed from the judgment of dismissal. "The plaintiffs, Alan and Ellen Amore, filed a two count complaint against Emil Frankel, the state commissioner of transportation [commissioner]. In count one, they claimed that the state owed them a duty to maintain the roads and sidewalks on the Storrs campus of the University of Connecticut. The plaintiffs alleged that the state failed to reduce the hazards associated with icy and wet road conditions which ultimately caused the injuries that the named plaintiff sustained in his fall on an icy driveway. In count two, the plaintiffs claimed loss of consortium on behalf of the named plaintiff's wife.

"Pursuant to Practice Book §§ 142 and 143,[3] the [commissioner] filed a motion to dismiss, asserting that the doctrine of sovereign immunity deprived the court of subject matter jurisdiction. The [commissioner] also filed two supporting affidavits as evidence that the [commissioner] was not responsible for the maintenance of the roads at issue.[4] In light of these affidavits, the trial court found that the road 'was outside the scope

Transfers under this section shall take effect June 22, 1961, or as soon thereafter as it is practicable for the commissioner and the towns to effect the same, but not later than September 30, 1962, except for such transfers as are under arbitration. Any special act inconsistent herewith is repealed."

[3] Practice Book § 142 provides in pertinent part: "MOTION TO DISMISS

"Any defendant, wishing to contest the court's *jurisdiction,* may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . ." (Emphasis added.)

Practice Book § 143 provides in pertinent part: "—GROUNDS [FOR A MOTION TO DISMISS]

"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . . This motion shall always be filed with a supporting memorandum of law, and *where appropriate,* with supporting affidavits as to facts not apparent on the record." (Emphasis added.)

[4] One affidavit was a statement given by the director of the physical plant of the University of Connecticut. In this statement, the director claimed that the area in question was within the responsibility of the University

of the commissioner's duty to maintain or repair pursuant to [General Statutes] section 13b-30 or 13a-144. Hence, the [commissioner's] motion to dismiss [was] granted.' The court reasoned that without proof of the [commissioner's] duty, the doctrine of sovereign immunity applied and deprived the court of subject matter jurisdiction." *Amore* v. *Frankel,* 29 Conn. App. 565, 566–67, 616 A.2d 1152 (1992).

The Appellate Court reversed the judgment of the trial court.[5] The Appellate Court held that the complaint, on its face, sufficiently established subject matter jurisdiction pursuant to § 13a-144 and thereby overcame the doctrine of sovereign immunity. The Appellate Court stated that the complaint's allegation of the commissioner's duty to maintain the driveway

---

of Connecticut physical plant. The other affidavit was given by the special services manager of the bureau of highways of the department of transportation. In this statement, the manager represented that the area was outside the department of transportation's responsibility.

[5] Both Alan Amore and Ellen Amore appealed from the judgment of dismissal of their claims to the Appellate Court. The Appellate Court reversed the trial court's judgment dismissing the first count of the complaint that pertained to Alan Amore only and held that "a motion to dismiss is not the appropriate procedural device for an attack on the merits, [and that] the trial court's reliance on the affidavits was improper." *Amore* v. *Frankel,* 29 Conn. App. 565, 572, 616 A.2d 1152 (1992). The Appellate Court affirmed the judgment of the trial court dismissing the second count, a claim by Ellen Amore for loss of consortium. The Appellate Court then remanded the case with direction to deny the motion to dismiss as to the first count only. No petition for certification was filed by Ellen Amore. The commissioner thereafter petitioned for certification to this court challenging the Appellate Court's decision regarding the first count of the complaint. We certified the following questions: "(1) Does the duty of the commissioner of transportation to maintain highways, bridges and sidewalks under General Statutes § 13a-144 extend to driveways? (2) Did the Appellate Court properly reverse the trial court's dismissal of this action on the basis that the complaint stated a cause of action under General Statutes § 13a-144, notwithstanding the affidavits of the defendant indicating that the defendant had no duty to keep the area in question in repair?" *Amore* v. *Frankel,* 225 Conn. 904, 621 A.2d 286 (1993). The loss of consortium claim is, therefore, not before us, and references to the plaintiff are to Alan Amore.

was adequate to withstand a motion to dismiss for lack
of jurisdiction, and that the trial court should not have
relied on the commissioner's affidavits, submitted pur-
suant to Practice Book § 143, in granting his motion
to dismiss. The Appellate Court reasoned that because
the affidavits challenged the complaint on the issue of
whether the commissioner had any duty to maintain
or repair the driveway, they did not concern a juris-
dictional issue but rather related to a substantive mat-
ter more properly addressed through a motion for
summary judgment. Accordingly, the Appellate Court
concluded that the trial court had improperly dismissed
the first count of the complaint. Because the affidavits
submitted in this case, in the absence of any response
from the plaintiff, conclusively defeated the court's sub-
ject matter jurisdiction pursuant to §§ 13a-144 and
13b-30, we disagree with the Appellate Court. Accord-
ingly, we answer the second certified question in the
negative and reverse.[6]

As we have stated many times before, the doctrine
of sovereign immunity implicates subject matter juris-
diction and is therefore a basis for granting a motion
to dismiss. *Lussier* v. *Department of Transportation,*
228 Conn. 343, 349–50, 636 A.2d 808 (1994); *Tamm*
v. *Burns,* 222 Conn. 280, 289, 610 A.2d 590 (1992); *San-
zone* v. *Board of Police Commissioners,* 219 Conn. 179,
185–86, 592 A.2d 912 (1991); *White* v. *Burns,* 213 Conn.
307, 312, 567 A.2d 1195 (1990); *Duguay* v. *Hopkins,*
191 Conn. 222, 227, 464 A.2d 45 (1983). We also have
recognized that the state can consent to be sued and
that "[t]he state, which ordinarily would not be liable,
permitted itself, as a matter of grace, to be sued under
the express conditions of [§ 13a-144]." *White* v. *Burns,*

---

[6] In light of our decision today that the plaintiff did not bring the univer-
sity grounds within the responsibility of the commissioner of transporta-
tion, it is not necessary to resolve, and so we leave for another day, the
first certified question.

supra. Therefore, when a plaintiff alleges sufficient facts to comport with the legislative waiver contained in § 13a-144, the complaint will withstand a challenge by the state on the basis of sovereign immunity.

In *Cairns* v. *Shugrue,* 186 Conn. 300, 308, 441 A.2d 185 (1982), we held that § 13a-144 does not only apply to injuries occurring upon roads within the "state highway system."[7] Rather, under § 13a-144, whenever it is shown that the commissioner "has a legal duty to repair or maintain a particular [road], he [or she] is subject to liability for injuries occurring thereon which are caused by negligence in performing that duty." Id., 310. Section § 13b-30 imposes on the commissioner such a legal duty to repair or maintain roads and drives on state grounds "on request of the state agency having jurisdiction over the property involved." Thus, when it is shown that the commissioner has a legal duty to repair or maintain such roads and drives pursuant to § 13b-30, § 13a-144 imposes liability on the commissioner for injuries sustained on those roads and drives as a result of the commissioner's negligence in performing his or her duty.

In this case, the plaintiff alleged that the commissioner was "responsible for the maintenance of highways, sidewalks, roads and drives on the grounds of state institutions, including, but not limited to the Storrs campus of the University of Connecticut. At all pertinent times, said highways, sidewalks, roads and drives included a driveway that ran from the vicinity of the Wilbur Cross Library on the Storrs campus, forming a 'T' intersection with Glenbrook Road." The plaintiff further alleged that as he proceeded to walk across the surface of that driveway, walking essentially parallel to Glenbrook Road, he fell and sustained injuries. The plaintiff asserts that his injuries were caused

---

[7] See General Statutes §§ 13a-14 through 13a-16, footnote 2.

by the commissioner's breach of duty in that the commission had failed to: (1) maintain the driveway, (2) warn the plaintiff of the dangerous condition of the driveway's surface, and (3) take appropriate remedies to correct that condition.

The commissioner argues that the plaintiff alleged neither that the University of Connecticut, through the appropriate party, had requested the commissioner to maintain and improve the roads on the Storrs campus, nor that the driveway on the campus is included in the "state highway system." Instead, the commissioner maintains, the plaintiff's allegations of responsibility by the commissioner for the "drives" on the Storrs campus is a statement of a legal conclusion that he disputes.

Following this court's pronouncement in *Barde* v. *Board of Trustees,* 207 Conn. 59, 62, 539 A.2d 1000 (1988), that, where affidavits contesting facts in the complaint are provided, the trial court need not conclusively presume the validity of the allegations of the complaint, the commissioner filed, along with his motion to dismiss, affidavits disclosing that employees of the University of Connecticut maintain or repair the driveway where the fall occurred and that the commissioner did not share that responsibility. The plaintiff did nothing to contradict these allegations. The plaintiff argues instead that the affidavits are irrelevant to the critical issue of the existence of a duty to maintain the area in question. The affidavits do no more, according to the plaintiff, than assert a conclusory denial of the existence of any legal duty without any supporting facts. He claims, therefore, that there was no need to respond and that his complaint was sufficient to survive a jurisdictional challenge. We disagree.

Section 13a-144 imposes liability on the commissioner for injuries occurring on "any defective highway, bridge

or sidewalk which it is the duty of the commissioner . . . to keep in repair." As discussed above, however, because the driveway in question is not part of the "state highway system," whether it falls within the commissioner's duty to repair or maintain turns on § 13b-30. *Cairns* v. *Shugrue,* supra, 310. Section 13b-30 expressly provides that the commissioner has the duty to improve and maintain roads and drives on the grounds of state institutions only when the state agency having jurisdiction over the property has first made a request to the commissioner to improve and maintain the property. It is only by virtue of § 13b-30 that the driveway on the University of Connecticut campus falls within the commissioner's duty to maintain or repair. Id. Therefore, to establish liability under § 13a-144, the plaintiff first must allege sufficient facts to bring the driveway in question within § 13b-30.

In this case, the commissioner's motion to dismiss and supporting affidavits challenged the plaintiff's legal assertion that the duty to maintain and repair the driveway rested with the commissioner of transportation.[8]

---

[8] The dissent relies on *Gurliacci* v. *Mayer,* 218 Conn. 531, 544, 590 A.2d 914 (1991), in which we held that the plaintiff's failure to allege that her cause of action came within either of two exceptions to the Workers' Compensation Act did not implicate the subject matter jurisdiction of the court. Its reliance is misplaced. The motion therein challenged the failure of the plaintiff's original complaint to invoke the statutory exception to the fellow employee immunity rule; however, the motion to dismiss was not accompanied by supporting affidavits that demonstrated by *uncontroverted* facts that the plaintiff *could* not as a matter of law and fact state a cause of action that should be heard by the court. In this case, the plaintiff had an opportunity, pursuant to Practice Book § 143, to file counteraffidavits to assert that the university had made a request under General Statutes § 13b-30 for the commissioner to maintain the driveway involved. Although the plaintiff recognized in his opposition to the commissioner's motion to dismiss that the commissioner could be liable only through General Statutes §§ 13a-144 and 13b-30, he made no efforts to submit counteraffidavits, or to seek additional time within which to gather information to come within the purview of those statutes. In its memorandum of decision, the trial court clearly stated its reliance on the commissioner's affidavits in ruling that

The affidavits stated that the driveway in question is the responsibility of the physical plant department of the University of Connecticut; that the university's landscaping crew, in particular, maintained the driveway; that the driveway is outside the responsibilities of the department of transportation; and that the department of transportation did not own or maintain the driveway in question.

The factual underpinnings of the allegations in the affidavits were sufficient to defeat any presumption of truth in the plaintiff's assertion of a legal obligation on the part of the commissioner to maintain the driveway. *Merrimac Associates, Inc.* v. *DiSesa,* 180 Conn. 511, 513–17, 429 A.2d 967 (1980). Moreover, once the commissioner's affidavits placed the caretaking of the university grounds in the hands of the landscaping crew of the University of Connecticut, it was incumbent on the plaintiff to dispute the facts contained within the affidavits. Specifically, because compliance with § 13b-30 is a prerequisite to the imposition of liability

the plaintiff had not come within the statutes conferring jurisdiction. While the plaintiff filed motions to set aside the dismissal and for reargument and/or reconsideration, he never pressed these motions but instead pursued this appeal. His failure to contradict the commissioner's affidavits permitted the trial court, and this court, to consider the facts stated in the affidavits as established as a matter of law for purposes of this case. *Standard Tallow Corp.* v. *Jowdy,* 190 Conn. 48, 56, 459 A.2d 503 (1983).

Moreover, the dissent's suggestion that it was the commissioner's burden to contest the existence of his duty to maintain the road and drives at the University of Connecticut pursuant to §§ 13a-144 and 13b-30 makes two faulty assumptions: (1) that the plaintiff had claimed such a duty pursuant to § 13b-30 for the commissioner to dispute specifically; and (2) that the road that the parties in *Cairns* v. *Shugrue,* 186 Conn. 300, 441 A.2d 185 (1982), agreed had been the subject of a request by the university for the commissioner to maintain is the same as the driveway involved herein and continues to be covered by that request. Neither assumption is correct, leaving the record here with a barren complaint that is challenged by uncontradicted affidavits and leaving the plaintiff unable as a matter of law to state a cause of action that the court can hear; *Gurliacci* v. *Mayer,* supra; because of the overriding doctrine of sovereign immunity.

pursuant to § 13a-144 when grounds of a state institution not within the state highway system are involved; *Cairns* v. *Shugrue,* supra, 304; the plaintiff was obligated to provide some factual allegation that would bring the complaint within § 13b-30. The plaintiff's decision not to respond to the commissioner's affidavits left the pleadings bare of any facts that could have colorably supported a claim of responsibility pursuant to the exception to sovereign immunity contained in § 13a-144. Moreover, in the absence of any disputed issues of fact pertaining to jurisdiction, there was no need to hold an evidentiary hearing before deciding the motion to dismiss. *American Laundry Machinery, Inc.* v. *State,* 190 Conn. 212, 218, 459 A.2d 1031 (1993). Accordingly, we hold that the trial court properly dismissed the first count of the plaintiff's complaint.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to affirm the judgment of the trial court.

In this opinion CALLAHAN, BORDEN and NORCOTT, Js., concurred.

BERDON, J., dissenting. I agree with the opinion of the Appellate Court[1] that the trial court should have denied the motion to dismiss. Within the broad allegations of the complaint, the plaintiff Alan Amore alleged a cause of action under General Statutes § 13a-144, which permits a suit for damages resulting from a defective highway that the defendant commissioner of transportation has a duty to maintain. General Statutes § 13b-30 extends the commissioner's duty to maintain "the roads and drives on the grounds of state institutions," including those of the University of Connecticut, upon request by the institution.

---

[1] *Amore* v. *Frankel,* 29 Conn. App. 565, 616 A.2d 1152 (1992).

The commissioner argues that the plaintiff's complaint does not state a cause of action under § 13a-144 because of its failure to allege facts that bring the action under § 13b-30. On the basis of this claim, the majority concludes that the doctrine of sovereign immunity applies and the court is deprived of its subject matter jurisdiction. To put this issue in its proper perspective, subject matter jurisdiction must be defined. It "is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." *Shea* v. *First Federal Savings & Loan Assn. of New Haven,* 184 Conn. 285, 288, 439 A.2d 997 (1981).

I find it difficult to appreciate this jurisdictional issue. Although the plaintiff failed to allege the specific statutes underlying his cause of action[2]—that is, §§ 13a-144 and 13b-30—the allegations of the complaint clearly state the following: At the time of the fall, the commissioner was responsible for the maintenance of the roads and drives at the University of Connecticut, including the driveway where the plaintiff fell.[3] At the

---

[2] Our general practice in this state is to require fact pleading only. Although Practice Book § 109A states that pleadings should recite to statutes, "we have held that § 109A is merely directory and not mandatory." *Steele* v. *Stonington,* 225 Conn. 217, 221 n.7, 622 A.2d 551 (1993).

[3] The plaintiff specifically alleges the following: "The Commissioner of Transportation is responsible for the maintenance of highways, sidewalks, roads, and drives on the grounds of State institutions, including, but not limited to the Storrs campus of the University of Connecticut.

"At all pertinent times, said highways, sidewalks, roads, and drives included a driveway that ran from the vicinity of the Wilbur Cross Library on the Storrs campus, forming a 'T' intersection with Glenbrook Road; said 'T' intersection runs approximately between Storrs Hall and Wood Hall.

"On March 6, 1989, at about 9:00 in the morning, Alan Amore was walking from the Waring Chemistry Building toward the Castleman Building on the Storrs campus. As he proceeded toward the chemistry building, he walked along Glenbrook Road, on the same side of Glenbrook Road as the chemistry building. He proceeded to walk across the surface of the aforementioned driveway, walking essentially parallel to Glenbrook Road. The surface of the driveway was wet and icy. It was neither sanded, nor salted. As a result thereof, Alan Amore fell, suffering the personal injuries and losses set forth in greater detail below."

Appellate Court the commissioner did "not dispute that the plaintiff's complaint alleged facts that support a cause of action under our state's defective highway statute [§ 13a-144]." *Amore* v. *Frankel,* 29 Conn. App. 565, 569, 616 A.2d 1152 (1992). The trial court "lacks subject matter jurisdiction only if it has no competence to entertain the action before it"; *Bridgeport* v. *Debek,* 210 Conn. 175, 180, 544 A.2d 728 (1989); once the complaint alleges a cause of action that is within the competence of the trial court to entertain—in this case an action under § 13a-144—the trial court has subject matter jurisdiction. See *Gurliacci* v. *Mayer,* 218 Conn. 531, 542–45, 590 A.2d 914 (1991).

The failure to make an allegation that the University of Connecticut invoked § 13b-30 does not implicate subject matter jurisdiction. This court's reasoning in *Gurliacci* v. *Mayer,* supra, is illuminating. The plaintiff in *Gurliacci* brought an action for damages against the defendant, her fellow employee, based upon negligence. The defendant moved to dismiss on the ground that the court lacked subject matter jurisdiction because the action against a fellow employee was barred by the Worker's Compensation Act (act). The act states that an employee "*shall have no cause of action* against . . . [a] fellow employee to recover damages" for negligence; the act, however, provides for two exceptions. (Emphasis added.) General Statutes § 7-465 (a). The plaintiff did not allege that she came within either exception. *Gurliacci* v. *Mayer,* supra, 542. This court held that the plaintiff's failure to allege that her cause of action came within either exception did not implicate the subject matter jurisdiction of the court. Instead, the failure merely involved the legal sufficiency of the complaint, and sufficiency of the complaint is challenged by a motion to strike. Id., 544.

Justice Borden, writing for a unanimous court in *Gurliacci,* stated that "the fact that the plaintiff's com-

plaint failed to allege facts that would have removed it from the operation of the fellow employee immunity rule merely reflects that the complaint failed to state a legally sufficient cause of action. Practice Book § 152. We have previously held that if a 'pleading . . . on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted,' a motion to strike is required. *Baskin's Appeal from Probate,* 194 Conn. 635, 640, 484 A.2d 934 (1984); see also Practice Book § 152. A motion to dismiss, by contrast, 'properly attacks the jurisdiction of the court, essentially asserting that the plaintiff *cannot* as a matter of law and fact state a cause of action that should be heard by the court.' (Emphasis in original.) *Baskin's Appeal from Probate,* supra. In this case . . . [the defendant's] motion in effect challenged the failure of the plaintiff's original complaint to invoke the statutory exceptions to the fellow employee immunity rule. Because this challenge was to the legal sufficiency of the complaint . . . [the defendant's] motion to dismiss was improper." *Gurliacci* v. *Mayer,* supra, 544.[4]

Likewise, in the present case, the failure to allege that the University of Connecticut requested the commissioner to maintain its roads and drives does not implicate subject matter jurisdiction, but instead merely affects the legal sufficiency of the complaint. "The motion to dismiss cannot be used to test whether the

---

[4] In attempting to distinguish *Gurliacci* v. *Mayer,* 218 Conn. 531, 590 A.2d 914 (1991), from the present case the majority in footnote 8 demonstrates its confusion. It states that in *Gurliacci,* unlike this case, "the motion to dismiss was not accompanied by supporting affidavits that demonstrated by uncontroverted facts that the plaintiff could not as a matter of law and fact state a *cause of action* that should be heard by the court." (Emphasis altered.) In determining whether we have subject matter jurisdiction, we are *not* concerned with the sufficiency of a cause of action; we simply determine whether the court had jurisdiction in cases of that general class.

complaint states a cause of action. That is the purpose of the motion to strike." 1 Connecticut Practice— Practice Book Annotated (3d Ed. 1989 W. Moller & W. Horton) § 143, p. 310, comments. Nor may it be used on the ground that there are no factual issues. This is the purpose of the motion for summary judgment. Practice Book § 379.

The majority attempts to distinguish *Gurliacci* by pointing out that in this case there are affidavits that stated that the commissioner was not obligated to maintain the drive at the time of the incident.[5] This distinction misses the point. The question here is not whether the commissioner had the responsibility to maintain the drive that would make him liable for defects, but whether the trial court has the power to hear and determine an action brought against him pursuant to § 13a-144. And, of course, the answer is yes.

If we substitute the facts of this case for those of *Gurliacci,* Justice Borden's logic in *Gurliacci* demonstrates the point. "An examination of the result of [Amore's] argument further supports our conclusion. Interpreting the language of [§ 13b-30] as subject matter jurisdictional, taken to its logical conclusion, would require a trial court, after trial, to dismiss for lack of subject matter jurisdiction a complaint that at the outset properly alleged [that a request was made to maintain the roads and drives at a state agency] if the factfinder ultimately concluded that the defendant [commissioner had never received such a request]. Thus, the court would be compelled to conclude that

---

[5] The majority relies on the commissioner's affidavits that the maintenance of the drive on which the plaintiff fell is the responsibility of the university. It is interesting to note that the commissioner does not contest the existence of his duty to maintain the roads and drives at the University of Connecticut under General Statutes §§ 13a-144 and 13b-30. Indeed, in *Cairns* v. *Shugrue,* 186 Conn. 300, 441 A.2d 185 (1982), the commissioner conceded that a request was made by the University of Connecticut pursuant to § 13b-30.

it had no subject matter jurisdiction over the case that it had tried solely because the plaintiff failed to establish an essential element of his cause of action. We decline to adopt such a bizarre interpretation of [§ 13b-30]." Id., 544–45. This analysis does not change simply because the commissioner submitted affidavits that state he is not responsible for maintaining the drive. The majority confuses a motion to dismiss with motions to strike and for summary judgment.[6]

Furthermore, the complaint is sufficient even if the failure to allege that the university requested the commissioner to maintain its roads and drives does implicate subject matter jurisdiction. In determining whether the complaint alleges facts sufficient to establish subject matter jurisdiction, two well established principles must be considered. First, "[a] reviewing court should indulge every presumption in favor of the trial court's subject matter jurisdiction." *Miko* v. *Commissioner on Human Rights & Opportunities*, 220 Conn. 192, 198, 596 A.2d 396 (1991). Second, we must view "the factual allegations of the complaint in the light most favorable to the plaintiff." *Tamm* v. *Burns*,

---

[6] The majority in its attempt to equate the motion to dismiss with the motion to strike or for summary judgment relies on *Standard Tallow Corp.* v. *Jowdy*, 190 Conn. 48, 56, 459 A.2d 503 (1983). *Standard Tallow Corp.*, however, did not involve whether the court had subject matter jurisdiction, but rather whether it had jurisdiction in personam, which is jurisdiction over the person. See *Fine* v. *Wencks*, 117 Conn. 683, 169 A. 58 (1933). In *Standard Tallow Corp.*, in order to determine whether the court had personal jurisdiction over the out-of-state defendant, the court was required to determine whether there were "minimum contacts" within this state to satisfy the standards set out in *International Shoe Co.* v. *Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945), and its progeny. Facts were necessary in order to establish whether there were those minimum contacts. That, however, has no relevance to this case.

Whether an issue is litigated by a motion to dismiss or a motion to strike is not a matter of trivia—the consequences are significant. The granting of the motion to dismiss puts the plaintiff out of court. Practice Book § 145. The granting of the motion to strike allows the party whose pleading has been stricken to file a new pleading with fifteen days. Practice Book § 157.

222 Conn. 280, 285 n.3, 610 A.2d 590 (1992). These principles mandate that we read the plaintiff's allegations to include the allegation that the University of Connecticut requested the commissioner to assume the duty to repair and maintain its roads and drives including the driveway on which the plaintiff fell.

The second issue, never reached by the majority, raises the question of whether the driveway comes within § 13b-30 so that the commissioner has a duty to maintain it. This purely legal issue of whether the term "drive" within § 13b-30 includes a driveway does not involve the court's jurisdiction to entertain an action for damages under § 13a-144. *Gurliacci* v. *Mayer,* supra.

I respectfully dissent.