[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: THIRD PARTY DEFENDANT'S MOTION TO DISMISSMOTION TO DISMISS #117
The plaintiff, Astoria Park f/k/a Park Avenue Restorative Health Care Center, brought this action against the defendants, Rosalia Mastronunzio and Marion Susie, to recover for residence and health care services allegedly rendered to Rosalia Mastronunzio. The plaintiff sued Susie in her individual capacity and in her capacity as the conservatrix of the person of Rosalia Mastronunzio.
On March 29, 1994, Mastronunzio and Susie ("third party plaintiffs") filed a third party complaint against the third party defendants, Audrey Rowe ("Rowe"), the Commissioner of the Department of Income Maintenance, and the Department of Income Maintenance ("DIM"). The third party plaintiffs allege that from February 28, 1990 through August 1, 1990, DIM erroneously discontinued Mastronunzio's Title XIX benefits. The third party plaintiffs allege that the discontinuance was caused by DIM's failure to notify the conservator of Mastronunzio's estate of the necessity of submitting the appropriate forms for a "mail-in redetermination" of Mastronunzio's eligibility for benefits. The third party plaintiffs further allege that they sustained damages in the amount of $14,452.16 (a portion of the residence and health care charges that are allegedly due and owing to the plaintiff, Astoria Park) as a result of DIM's discontinuance of the benefits.
On April 20, 1994, the third party defendants filed a motion to dismiss the third party complaint, along with a memorandum of law. In support of their motion, the third party defendants argue that the third party plaintiffs' action is barred by the doctrine of sovereign immunity and, therefore, this court lacks subject matter jurisdiction. The third party defendants also argue that the third party complaint should be dismissed because the third party plaintiffs have failed to exhaust their administrative remedies. To date, no objection or memorandum in opposition to the third party defendants' motion has been filed. CT Page 8404
A motion to dismiss properly contests the trial court's jurisdiction, "asserting that the plaintiff cannot, as a matter of law and fact, state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Amore v. Frankel, 228 Conn. 358, 364,636 A.2d 786 (1994). A claim that the plaintiff failed to exhaust her administrative remedies contests the court's subject matter jurisdiction and is properly raised by a motion to dismiss.School Administrators Association v. Dow, 200 Conn. 37, 380,511 A.2d 1012 (1986).
"[W]e have long recognized the . . . common law principle [the doctrine of sovereign immunity] that the state cannot be sued without its consent . . . ." Barde v. Board of Trustees,207 Conn. 56, 64, 539 A.2d 1000 (1988). "[S]ince the state can act only through its officers and agents, a suit against a state officer [or agency] is in effect one against the sovereign state." White v. Burns, 213 Conn. 307, 312, 567 A.2d 1195
(1990).
The state is generally immune from suit unless it consents to be sued. Lacasse v. Burns, 214 Conn. 464, 468, 572 A.2d 357
(1990). However, sovereign immunity "`does not bar suits against state officials acting in excess of their statutory authority' or in violation of constitutional rights." (Internal citation omitted.) Savage v. Aronson, 214 Conn. 256, 264, 571 A.2d 696
(1990). In addition, the state is subject to suit in declaratory judgment actions; Horton v. Meskill 172 Conn. 615, 625-28,376 A.2d 359 (1977); and in suits for injunctive relief. Sentner v.Board of Trustees, 184 Conn. 339, 344, 439 A.2d 1033 (1981). Also, the General Assembly, through appropriate legislation, may "waive the state's sovereign immunity from suit and authorize suits against the state. Lacasse v. Burns, supra, 214 Conn. 468.
Here, the third party plaintiffs seek only monetary damages in their action against DIM and Rowe. They are not suing DIM and Rowe pursuant to a statute which authorizes a suit against the state. Additionally, the allegations contained in the third party complaint do not state a cause of action based on an incursion upon the third party plaintiffs' constitutionally protected interests, nor do they allege that the state official in question acted in excess of her authority. Consequently, the third party CT Page 8405 plaintiffs' action is barred by the doctrine of sovereign immunity.[1] The third party defendants' motion to dismiss the third party action on the ground of lack of subject matter jurisdiction is granted.
MAIOCCO, JUDGE