[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #101
This matter is before the court on the defendant's motion to strike counts two, three and eight of the plaintiff's complaint.
The plaintiff, Cynthia Kapral, commenced this action against the defendant, King Conn Enterprises, by filing an eight count complaint on January 30, 1995. The plaintiff alleges that she was employed by the defendant and held the title of Executive Manager on January 13, 1992, the date of the alleged incident. On that date, the plaintiff alleges that two men entered the defendant's store and robbed the store while holding the plaintiff at gunpoint. While still at gunpoint, the plaintiff alleges that she proceeded to unlock the safe and give the robbers the money located in the safe. The plaintiff alleges that two days later, she was ordered by Lance Poland, the defendant's agent, to put back the $2,900 that was taken in the robbery and take a demotion, or she would be discharged. The plaintiff refused to put back the money and was subsequently discharged.
On March 21, 1995, the plaintiff filed a motion for default against the defendant for failure to plead pursuant to Practice Book § 363A, which was granted by a clerk of the court on March 24, 1995. On March 30, 1995, the defendant moved to strike the CT Page 1221 second count, which sounds in breach of implied contract; the third count, which alleges a breach of the covenant of good faith and fair dealing, and the eighth count, which alleges a breach of an important public policy. The plaintiff filed a memorandum in opposition to the defendant's motion to strike on May 1, 1995. On May 24, 1995, the defendant filed a reply to the plaintiff's memorandum in opposition.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v.Frankel, 228 Conn. 358, 372-73, 636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legalconclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original) Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems, Inc. v. BOC Group, Inc.224 Conn. 210, 215, 618 A.2d 25 (1992).
The superior courts are consistent in stating that the only papers a party who has been defaulted may file without opening the default is an answer. Irving v. Cummings, Superior Court, judicial district of New London at New London, Docket No. 525708 (November 9, 1993, Austin, J.). "If a defaulted party wishes to file a motion to strike, the party must first move the court to open the default pursuant to Practice Book § 376." ScottSwimming Pools v. Aniscovich, Superior Court, judicial district of Waterbury, Docket No. 114383 (October 19, 1993, Sylvester, J.). "A motion to strike cannot be entertained when a motion for default has been granted against the defendant and the defendant has not moved to open the default pursuant to Practice Book § 376." Id, citing Neiman Marcus Group, Inc. v. Meehan,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 387601 (September 19, 1991, Schaller, J.). See McGhie v. Reliable Taxi Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 280107 (August 4, 1993, Leheny, J.) (the motion to strike was not properly before the court since the defendant has not had the default opened); Catalina v. General Accident Insurance Co., Superior Court, judicial district of Waterbury, Docket No. 109676 (February, 1, 1993, Sylvester, J.) (the court was precluded from ruling on the defendant's motion to strike since the defendant had not moved to reopen the default pursuant to Practice Book § CT Page 1222 376).
Thus, the defendant's motion to strike is not properly before the court since the default motion against the defendant has not been set aside. Accordingly, the defendant's motion to strike is denied.
THE COURT
MAIOCCO, J.