[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (#103)
On November 15, 1995, the plaintiff, Teresa Berlingo, filed a six count revised complaint against the defendant, Griffith Ford, Inc. The plaintiff alleges that she contracted with the defendant for the sale of a used motor vehicle. The plaintiff alleges that after the completion of the purchase agreement, she discovered that the motor vehicle was not a part of the Ford Executive Car Program.
The plaintiff brings claims against the defendant for fraud, breach of contract, breach of warranty, quantum meruit, unjust enrichment and a violation of the Connecticut Unfair Trade and Practices Act (CUTPA), General Statutes § 42-110 et. seq.
On January 23, 1996, the defendant filed a motion to strike counts one, four, five and six of the plaintiff's revised complaint, accompanied by a memorandum in support of its motion. The plaintiff filed a memorandum in opposition to the defendant's motion to strike on February 13, 1996. The parties have entered into an agreement that the plaintiff would revise counts one, four and five of the revised complaint. Thus, only count six, alleging a violation of CUTPA, is at issue and subject to the defendant's motion to strike.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358, 372-73,636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.)Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems, Inc. v. BocGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendant argues that count six, alleging a violation of CUTPA, should be stricken on the grounds that the claim is based on a breach of contract which alone is legally insufficient to support a CUTPA claim and that the claim is based on a single isolated act.
"A simple breach of contract, even if intentional, does not amount to a violation of [CUTPA], a claimant must show substantial aggravating circumstances attending the breach to recover under the Act. . . ." Emlee Equipment Leasing v. Waterbury Transmission,41 Conn. Sup. 575, 580, 595 A.2d 951 (1991). Moreover, "[a] simple CT Page 1357-BB contract breach is not sufficient to establish a violation of CUTPA, particularly where a count simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy." (Internal quotation marks omitted.) Set to Fit Realty v. First Stamford, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 119612 (April 18, 1994, Lewis, J.); Putnam Resources v. Frenkel Co. Inc., Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 123838 (July 20, 1993, Lewis, J.).
In the present case, the plaintiff has agreed to revise count one, alleging fraud, count four, alleging quantum meruit, and count five, alleging unjust enrichment. Thus, the CUTPA claim in count six is based solely on the plaintiff's breach of contract claim alleged in count two. It is found that the plaintiff's CUTPA claim in insufficient as it does not amount to a violation of CUTPA absent a showing of aggravating circumstances.
Accordingly, the defendants motion to strike is granted as to count six.[1]
JOHN J.P. RYAN, JUDGE