[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101) 
On December 26, 1995, the plaintiff, John Tremaine commenced this action against the defendant, Nancy Tremaine, for damages and attorney fees arising out of a breach of contract and intentional tort action. The plaintiff alleges that on February 8, 1988, the plaintiff and the defendant entered into a separation agreement which was incorporated into a decree dissolving their marriage. The terms of the agreement prohibited the defendant from seeking an award of lump sum alimony or an award of periodic alimony for more than five years. The plaintiff alleges that on February 26, 1991, the defendant commenced an action seeking to obtain an award of alimony, both periodic and lump sum, together with her attorney's fees. The plaintiff alleges that such actions are in violation of their separation agreement and were done intentionally and wrongfully, causing the plaintiff emotional distress. On January 30, 1996, the defendant filed a motion to strike the entire complaint, accompanied by a memorandum in support of her motion. On January 30, 1996, the plaintiff filed a memorandum in opposition to the defendant's motion to strike.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel,228 Conn. 358, 372-73, 636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth oraccuracy of opinions stated in the pleadings." (Emphasis in original) Mingachos v. CBS. Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems,Inc. v. BOC Group. Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendant moves to strike the plaintiff's entire complaint on the grounds that the action is barred by the doctrines of res judicata and issue preclusion, and by the Noerr-Pennington doctrine.
"Res Judicata does not provide the basis for a judgment of dismissal; it is a special defense that is considered after any jurisdictional thresholds are passed." Labbe v. PensionCT Page 4030Commission, 229 Conn. 801, 816, 643 A.2d 1268 (1994). "Because res judicata or collateral estoppel, if raised may be dispositive of a claim, summary judgment is the appropriate method for resolving a claim of res judicata." Jackson v. R.G. Whipple.Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993). "A motion to strike is not the proper method by which to raise the issue of res judicata and collateral estoppel." Statewide GrievanceCommittee v. Presnick, 216 Conn. 127, 137 n. 3, 577 A.2d 1054
(1990).
The defendant's motion to strike is denied on the grounds of res judicata and collateral estoppel because they are not proper grounds for a motion to strike.
The second ground the defendant raises in support of her motion to strike is the Noerr-Pennington doctrine. The defendant argues that this doctrine prohibits the plaintiff from bringing this lawsuit.
The "Noerr-Pennington" doctrine exempts from antitrust liability activities which attempt to influence legislative, executive, administrative or judicial action "unless the conduct falls within the sham exception to the doctrine." GamlestadenPLC. v. Backstrom, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130060 (May 17, 1995, Karazin, J.).
The defendant has failed to show the applicability of the "Noerr-Pennington" doctrine to the present action and has failed to show how the plaintiff's action is barred by the "Noerr Pennington" doctrine.
Accordingly, the defendant's motion to strike is denied.
KARAZIN, J. CT Page 4031