[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#135)
This is a lawsuit sounding in medical malpractice, intentional tort and unfair trade practices brought by the plaintiff, John Doe, against the defendant, Dr. John Christoforo and the defendants Village Medical Associates, P.C., Lorenzo Galante, M.D., Chioma Nwangwa, M.D., Bjorn Ringstad, M.D., Albert Oh, M.D. and David Brissette (hereinafter referred to as "Village Medical Associates"). The plaintiffs Third Revised Complaint contains nine counts. Counts one through seven make allegations CT Page 7871 against Dr. John Christoforo only and are not involved in this motion. Village Medical Associates has moved to strike the eighth and ninth counts asserting that neither count states a claim upon which relief may be granted.
The eighth count of the Third Revised Complaint asserts that Village Medical Associates knew or should have known of the inappropriate medical treatment and acts of Dr. John Christoforo rendered on to the plaintiff. The eighth count further alleges that Village Medical Associates "condoned, accepted and referred the plaintiff to undertake" medical treatment rendered by Dr. John Christoforo "either through direct or indirect knowledge or through acts of omission" which medical treatment consisted of prescribing the plaintiff medication to the point of addiction and then performing various acts of sexual contact upon the plaintiff. The eighth count claims that Village Medical Associates breached its duty to the plaintiff by, Putraiia. failing to warn of Dr. Christoforo's conduct and failing in supervise and control Dr. Christoforo in their capacity of referring patients for treatment by him.
The ninth count alleges a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. ("CUTPA"). The ninth count asserts that Village Medical Associates were engaged in soliciting business relative to treating people such as the plaintiff for anxiety disorders and charged a fee for the treatment. The ninth count further alleges that Village Medical Associates dispensed care to the plaintiff in a negligent, careless and unprofessional manner," thereby violating the CUTPA statute.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint, Practice Book § 10-39. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel,228 Conn. 358, 372-73 (1994). The motion "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings "Mingachos v. CBS,Inc., 196 Conn. 91, 108 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Novametrix Medical Systems, Inc. v. BOC Group, 224 Conn. 210, 215
(1992). The court must construe the facts in the complaint most favorably to the plaintiff Id., 215.
As to the eighth count, Village Medical Associates claims CT Page 7872 that it fails to plead the elements of medical malpractice because the count only alleges that Village Medical Associates knew or should have known about Dr. Christoforo's acts and inappropriate medical treatment. The eighth count, however, goes further than merely alleging knowledge. As pleaded, the eighth count asserts that with knowledge, (actual or imputed) of Dr. Christoforo's inappropriate medical treatment and sex acts theyreferred the plaintiff to him for treatment. Such a situation, if it can be proven, is professional negligence. As noted above, for purposes of a motion to strike, the court must take as proven all well pleaded facts. Accordingly, the motion to strike the eighth count is denied.
As to the ninth count, Village Medical Associates asserts that it alleges professional negligence as opposed entrepreneurial or commercial aspects of the medical profession and therefore does not constitute a valid CUTPA claim. It is now clear that medical malpractice based on professional negligence cannot form the basis of a CUTPA claim. Haynes v. Yale New HavenHospital, 243 Conn. 17, 33 (1997). Despite the allegation that Village Medical Associates charged a fee for its services, in substance, the ninth count alleges medical malpractice. Accordingly, the motion to strike the ninth count is granted.
For the reasons set forth above, the motion to strike the eighth count is denied and the motion to strike the ninth count is granted.
So Ordered at New Haven, Connecticut this 29th day of June, 1999.
Devlin, J.