[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
This is an action sounding in negligence and reckless and wanton misconduct brought by the plaintiff, L.G. DeFelice, Inc. ("DeFelice"), against David Estlick and Marilyn Estlick (hereinafter collectively referred to as "Estlick"), and Sarah Foley and Francis Foley. The gist of DeFelice's complaint is that during the late hours of August 19, 1998 and the early morning CT Page 6693 hours of August 20, 1998, Estlick distributed, delivered, provided and/or allowed Sarah Foley, a minor, to consume alcoholic beverages to the point of intoxication while she was at a party at the Estlick residence and thereafter allowed her to drive while intoxicated. The complaint further alleges that on August 20, 1998 at approximately 2:10 a.m. Sarah Foley, while intoxicated, drove her vehicle northbound on Interstate 91 crashing through a three arrow warning sign set up to direct traffic away from construction work being done by DeFelice and thereafter collided with a parked dump truck, light plant and generator. This collision also caused serious physical injury to two DeFelice employees identified as Eliso O. Silver and Carlos A. Coriea, Jr.
In its complaint DeFelice seeks 1) money damages; 2) double and/or treble damages pursuant to Section 14-295 of the Connecticut General Statutes; 3) punitive damages; 4) costs; and 5) such other and further relief which the court deems just and proper. Estlick has moved to strike the second count of the amended complaint (alleging reckless and wanton misconduct), and those portions of DeFelice's prayer for relief seeking double and treble damages under § 14-295 and punitive damages. A hearing was held on the motion to strike on May 17, 1999.
At the hearing, DeFelice stated that it was not pursuing the § 14-295 claim as to Estlick. Accordingly, the motion to strike that portion of the prayer for relief seeking double or treble damages pursuant to § 14-295 is granted insofar as it pertains to David and Marilyn Estlick. In addition, DeFelice also made clear at the hearing that it was not seeking through this lawsuit to recoup workers' compensation benefits paid to its two employees. Rather, DeFelice's claim for damage is based on the property damage to its equipment and the opportunity it lost to obtain a worker's compensation insurance premium rebate.
The issues on the motion to strike come down to: 1. whether the second count of the amended complaint adequately pleads a cause of action for reckless and wanton misconduct; and 2. whether the claim for punitive damages is legally permissible.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 10-39. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel,228 Conn. 358, 372-73 (1994). The motion "admits all facts well CT Page 6694 pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. "Mingachos v. CBS,Inc., 196 Conn. 91, 108 (1085). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992). The court must construe the facts in the complaint most favorably to the plaintiff. Id., 215.
The second count alleges reckless and wanton misconduct as to Estlick. Recklessness is a state of consciousness with reference to the consequences of one's act. Dubay v. Irish, 207 Conn. 518,532 (1988). It is more than negligence, more than gross negligence. Id. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Id. Wanton misconduct is reckless misconduct. It is such conduct as indicates a reckless disregard of the just rights and safety of others or of the consequences of the action. Id. "[W]anton or reckless conduct tends to take on an aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in such a situation where a high degree of danger is apparent . . . It is at least clear . . . that such aggravated negligence must be more than mere a mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention." W. Prosser W. Keeton, Torts (5th Ed.) § 34, p. 214.
Estlick claims that the second count amounts to no more than applying a reckless and wanton label to ordinary negligence. DeFelice, on the other hand, argues that the facts support the reckless and wanton misconduct allegation and, if anything, the first count (ordinary negligence) is really reckless conduct with an ordinary negligence label.
As stated above, for purposes of this motion to strike the court must accept as proven all well pleaded facts and must construe the facts in the complaint most favorably to the plaintiff. Viewing the second count in this fashion, plaintiff's claim is that Estlick delivered (or allowed and permitted to be delivered) alcoholic beverages to a 20 year old young woman and allowed her to drink to the point of intoxication and thereafter allowed her to drive off in the middle of the night while in a state of intoxication. Such conduct, if proven, is adequate to CT Page 6695 support a finding of recklessness because it is highly unreasonable in a situation where a high degree of danger is apparent. Accordingly, the motion to strike the second count is denied.
Estlick's motion to strike the claim for punitive damages is also denied. In order to award punitive damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights. Berry v.Loiseau, 223 Conn. 786, 811 (1992). If the evidence discloses that a defendant was recklessly indifferent to the rights of the plaintiff, an actual intent to do harm is not necessary. Id.
Therefore, the second count's allegations of recklessness could lead to punitive damages and the claim for relief should not be stricken. Although, DeFelice is only claiming property damage, that does not foreclose the award of punitive damages. See BMW v.Gore, ___ U.S. ___, 116 S.Ct 1589, 134 L.Ed.2d 809 (1996) (Supreme Court acknowledged that punitive damages could be awarded in a case involving a defective paint job on a new BMW that decreased car's value by $4,000, but held that award of $2 million was grossly excessive.)
For the reasons set forth above, Estlick's motion to strike the plaintiff's prayer for relief seeking double and treble damages under General Statutes § 14-295 is granted; the motion to strike the second count of the Amended Complaint is denied; and the motion to strike the prayer for relief seeking punitive damages is denied.
So Ordered at New Haven, Connecticut this 30th day of June, 1999.
Devlin, J.