[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#115)
This is a personal injury lawsuit arising out of a motor vehicle accident. The plaintiff, Joan Partridge ("Partridge") has brought a substituted complaint in two counts. The first count alleges negligence, recklessness and carelessness by the defendant, Shanna Jespersen ("Jespersen") and claims both money damages and double and treble damages pursuant to General Statutes § 14-295.
Jespersen has moved to strike the first count of the substituted complaint as well as the claim for double and treble damages pursuant to § 14-295. Jespersen asserts that the allegations in the first count are insufficient to support a cause of action for recklessness and thus insufficient to support a claim for multiple damages pursuant to § 14-295. For the CT Page 13141 reasons set forth below the motion to strike is granted in part.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 10-39. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel,228 Conn. 358, 372-73 (1994). The motion "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS,Inc., 196 Conn. 91, 108 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992). The court must construe the facts in the complaint most favorably to the plaintiff. Id., 215.
Recklessness is a state of consciousness with reference to the consequences of one's act. Dubay v. Irish, 207 Conn. 518, 532
(1988). It is more than negligence, more than gross negligence.Id. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Id. Wanton misconduct is reckless misconduct. It is such as indicates a reckless disregard of the just rights and safety of others or of the consequences of the action. Id. "[W]anton or reckless conduct tends to take on an aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in such a situation where a high degree of danger is apparent . . . It is at least clear . . . that such aggravated negligence must be more than a mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention." W. Prosser W. Keeton, Torts (5th Ed.) § 34, p. 214.
General Statutes § 14-295 provides:
 In any civil action to recover damages resulting from personal injuries. the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of Section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a and that such violation was a substantial CT Page 13142 factor in causing such injury, death or damage to property.
The initial problem the court faces in ruling on this motion to strike is that the plaintiff has chosen to bring a claim of negligence and a claim of recklessness in a single count. The cases construing the application of § 14-295 have all arisen in a procedural context in which the negligence and reckless claims are brought in separate counts.[1]
Although there is a split of authority, the more persuasive line of cases holds that simply using the word "reckless" with respect to the claimed violation of the statutory provisions set forth in § 14-295 is not enough. See Jimenez v. Schell, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0127265 (November 8, 1994, Lewis, 1); Murray v. Krupa, 1995 WL599093 (Conn.Super. Teller, J.). A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made. Murray v. Krupa, supra.
In the present case, the task of determining what specific facts the plaintiff is relying on to support its claim of recklessness, as opposed to negligence, is made virtually impossible by the combination of the two causes of action in a single count. For that reason alone, the court concludes that the plaintiff has not "specifically pleaded" that another party has recklessly operated a motor vehicle in violation of one of the enumerated statutes as required by § 14-295. Moreover, as to the claimed violation § 14-222, the substituted complaint states:
 ¶ 6 d. She operated her vehicle recklessly having regard to the width, traffic, use of said highway, intersecting, and overhead traffic light in violation of Section 14-222 of the Connecticut General Statutes.
Based on the cases cited above, this allegation is factually insufficient to make out a claim for multiple damages pursuant to § 14-295.
For the reasons set forth above, the motion to strike those portions of the first count that alleged a cause of action claiming recklessness, as well as the prayer for relief seeking double and treble damages pursuant to § 14-295 is granted.[2]
So ordered at New Haven, Connecticut this 29th day of September, 1999. CT Page 13143
Devlin, J.