[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
This is a personal injury lawsuit arising out of a motor vehicle accident. In paragraph 7 of the first count of the complaint, the plaintiff alleges that her damages were caused by the negligence of the defendant, Amy M. Sciuto. The paragraph goes on to allege seven specifications of negligence. Paragraph 7 (a) alleges that the defendant was negligent:
 (a) in that she operated said automobile in a careless and reckless manner in violation of Section 14-222 of the Connecticut General Statutes (hereinafter "C.G.S.").
In her prayer for relief, the plaintiff claims money damages as well as double or treble damages pursuant to General Statutes § 14-295.
The defendant has moved to strike both paragraph 7(a) as well as the claim for multiple damages pursuant to § 14-295. For the reasons set forth below, the motion to strike is granted in part.
A motion to strike may be used to test the legal sufficiency of the allegations of the complaint. Practice Book § 10-39. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel,228 Conn. 358, 372 73 (1994). The motion "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS,Inc., 196 Conn. 91, 108 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Novametrix Medical Systems, Inc. v. BOC Group. Inc., 224 Con. 210, 215 (1992). The court must construe the facts in the complaint most favorably to the plaintiff. Id., 215.
General Statutes § 14-295 provides in part: CT Page 13361
 In any civil action to recover damages resulting from personal injuries . . . the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of . . . Section 14-222.
 . . and that such violation was a substantial factor in causing such injury, death or damage to property.
As noted above, in this case the plaintiff has pleaded a reckless violation of § 14-222 and correspondingly made a claim for double or treble damages.
Recklessness is a state of consciousness with reference to the consequences of one's act. Dubay v. Irish, 207 Conn. 518, 532
(1988). It is more than negligence more than gross negligence.Id. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Id. Wanton misconduct is reckless misconduct. It is such as indicates a reckless disregard of the just rights and safety of others or of the consequences of the action. Id. "[W]anton or reckless conduct tends to take on an aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in such a situation where a high degree of danger is apparent . . . It is at least clear . . . that such aggravated negligence must be more than a mere thoughtlessness or inadvertence, or simply inattention." W. Prosser W. Keeton, Torts (5th Ed.) § 34, p. 214.
Initially the court notes that the complaint combines a cause of action for negligence and recklessness in a single count. The cases construing the application of § 14-295 have all arisen in a procedural context in which the negligence and reckless claims are brought in separate counts. This concern is best addressed by a request to revise the complaint which has not been filed. On the present record, paragraph 7(a) can be viewed in two respects — (1) as a specification of negligence, and (2) as a claim of recklessness supporting § 14-295 damages. As to the claim of recklessness, the paragraph is insufficient.
Although there is a split of authority, the more persuasive CT Page 13362 line of cases holds that simply using the word "reckless" with respect to the claimed violation of the statutory provisions set forth in § 14-295 is not enough. See Jiminez v. Schell,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0127265 (November 8, 1994, Lewis, J.);Murray v. Krupa, 1995 WL599093 (Conn.Super. Teller, J.) A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made. Murray v. Krupa, supra.
Paragraph 7(a) does not allege sufficient facts to make out a claim for recklessness in support of multiple damages under § 14-295.
The court will not strike paragraph 7(a) from the first count, but it should be construed as a specification of negligence only.
The motion to strike the prayer for relief seeking multiple damages pursuant to § 14-295 is granted.
So ordered at New Haven, Connecticut this 30th day of September, 1999.
Devlin, J.