[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Judith Papp, filed a one count complaint against the defendant, Leslie's Pool Mart. The plaintiff alleges that she was seriously injured as a result of inhaling a pool chemical product known as "Leslie's Jumbo Chlorinator Tablets-3" ("the product"). The plaintiff alleges that the defendant packaged, distributed and sold the product in the State of Connecticut. She claims that the defendant is liable to her for "failure to package the product by wrapping and sealing each tablet; . . . failure to utilize a gasket lid; and . . . failure to utilize a packaged absorbent or scavenger." CT Page 13032
The defendant has filed a motion to strike the plaintiff's entire complaint on the ground that it fails to state a claim upon which relief can be granted. A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358, 372-73, 636 A.2d 786
(1994). It "admits all facts well pleaded; it does not admitlegal conclusions or the truth or accuracy of opinions stated in the pleadings."(Emphasis in original) Mingachos v. CBS, Inc.196 Conn. 91, 108, 491 A.2d 368 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems, Inc. v. BOC Group, Inc.224 Conn. 210, 215, 618 A.2d 25 (1992).
The specific basis for the motion to strike is the defendant's contention that the plaintiff's claims of inadequate packaging of the product are expressly preempted by the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. § 136 et seq. ("FIFRA").
In response, the plaintiff admits in her memorandum in opposition to defendant's motion to strike, that the product in question is a pesticide under FIFRA. However, the plaintiff argues that the term "labeling" as used in the statute is distinguishable from "packaging". The plaintiff further asserts that although claims of inadequate labeling are preempted by FIFRA, the areas of packaging are not explicitly preempted by the Act.
 I
"Article VI of the Constitution provides that the laws of the United States `shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any state to the Contrary notwithstanding.' Art. VI, cl. 2. Thus, since [the United States Supreme Court's] decision in McCulloch v. Maryland, 4 Wheat. 316, 427 (1819), it has been settled that state law that conflicts with federal law is `without effect.' Maryland v. Louisiana,451 U.S. 725, 746 (1981). Consideration of issues arising under the Supremacy Clause `start[s] with the assumption that the historic police powers of the States [are] not to be superseded by . . . Federal Act unless that [is] the clear and manifest purpose of Congress.' Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230
CT Page 13033 (1947). Accordingly, "`[t]he purpose of Congress is the ultimate touchstone'" of preemption analysis. Malone v. White Motor Corp.,435 U.S. 497, 504 (1978) (quoting Retail Clerks v. Schermerhorn,375 U.S. 96, 103 (1963)).
"Congress' intent may be `explicitly stated in the statute's language or implicitly contained in its structure and purpose.'Jones v. Rath Packing Co., 430 U.S. 519, 525 (1977). In the absence of an express congressional command, state law is preempted if that law actually conflicts with federal law, seePacific Gas Elec. Co. v. State Energy Resources Conservationand Development Comm'n, 461 U.S. 190, 204 (1983), or if federal law so thoroughly occupies a legislative field "`as to make reasonable the inference that Congress left no room for the States to supplement it.'" Fidelity Fed. Sav. Loan Assn. v. Dela Cuesta, 458 U.S. 141, 153 (1982) (quoting Rice v. Santa FeElevator Corp., 331 U.S., at 230)." Cipollone v. Liggett Group,Inc., 505 U.S. 504, 516, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992).
 II
As the plaintiff concedes, the chlorine tablets in question are pesticides under FIFRA and the regulations promulgated pursuant to its authority. Under FIFRA, "pesticide" means "any substance or mixture of substances intended for preventing, destroying, repelling, or mitigating any pest, or intended for use as a plant regulator, defoliant, or desiccant."40 C.F.R. § 152.3(s). Likewise, "pests" are defined as "any plant growing where not wanted, including any moss, alga, liverwort, or other plant of any higher order or any fungus, bacterium, virus or other microorganisms." 40 C.F.R. § 152.15, 152.3(s) and152.5.
Title 7 § 136v of the United States Code, which is part of FIFRA, is entitled "Authority of States". Section 136v(a), entitled "In general", states: "A State may regulate the sale or use of any federally registered pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this subchapter." 7 U.S.C. § 136v(b), aptly entitled "Uniformity", provides in pertinent part: "Such State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter." (Emphasis added.) Based on the plain language of FIFRA, all state laws regulating the packaging of pesticides are preempted. In CT Page 13034Wisconsin Public Intervenor v. Mortier, 501 U.S. 597, 613,111 S.Ct. 2476, 2486, 115 L.Ed.2d 532 (1991), the United States Supreme Court pointed to the preemptive language of 7 U.S.C. § 136v(b) with respect to state regulation of labeling and packaging as evidence that Congress did not intend to preempt all state and local regulation of pesticides. Said the Court: "This language would be pure surplusage if Congress had intended to occupy the entire field of pesticide regulation." Ibid.
Other decisions of the Connecticut Superior Court already have recognized that FIFRA preempts state labeling and packaging claims. In Graves v. Metrex Research Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, No. 505710 (14 Conn. L. Rptr. 574) (1995) (Koletsky, J.), the court recognized that FIFRA, "expressly prohibits States from imposing labeling or packaging requirements that differ from or add to FIFRA's requirements." The Graves court went on to state that, "the rationale of the Cipollone[1] decision makes clear that any state common law tort action that requires the finder of fact to impose requirements for labeling pesticides is expressly forbidden by section 136v(b). . . . [T]o the extent that the plaintiff's claims require a showing that the solutions' labeling or packaging should have included additional, or more clearly stated, warnings, those claims are preempted." Id, 576, citingCipollone v. Liggett Group, Inc., supra, 112 S.Ct. at 2621-22; see also Buddington v. Sterling Winthrop Inc., Superior Court, judicial district of New Haven at New Haven, No. 32729610 Conn. L. Rptr. 358 (1993) (Zoarski, J.). In MacDonald v. Monsanto Co.,27 F.3d 1021, (5th. Cir. 1994), the court applied the reasoning in Cipollone
and concluded that FIFRA preempts conflicting state common law concerning the improper labeling and packaging of pesticides. Id., 1024; see also Arkansas-Platte Gulf v. Van Waters Rogers, 981 F.2d 1177 (10th Cir. 1993), rehearing denied, cert. denied. 114 S.Ct. 61, 126 L.Ed.2d 30 (court stated that Congress circumscribed the area of labeling and packaging and preserved it only for federal law.); King v. E.I. Du Pont De Nemours Co.,996 F.2d 1346 (1st. Cir. 1993), cert. dismissed,114 S.Ct. 490, 126 L.Ed.2d 440 (1993); Shaw v. Dow Brands, Inc.994 F.2d 364 (7th. Cir. 1993); Papas v. Upjohn Co.,985 F.2d 516 (11th. Cir. 1993), cert. denied, 114 S.Ct. 300,126 L.Ed.2d 248 (1993) (to the extent that state law actions for damages depend upon a showing that a pesticide manufacturer's "labeling or packaging" failed to meet a standard "in addition or different form" FIFRA requirements, section 136v preempts the claims). CT Page 13035
The plaintiff argues that Allstate v. Pooltime Products, Inc.846 F. Sup. 499 (E.D.La. 1994) supports the plaintiff's position that a distinction exists between labeling claims, and claims based upon product defects relating to packaging. What is significant for present purposes is that the Allstate court stated that, "plaintiff's claims alleging failure to warn and improper packaging of the product in issue are expressly preempted under FIFRA." Id., 500. Furthermore, the court inAllstate recognized that the word "requirement" as used in7 U.S.C. § 136v(b) includes state law actions for damages. Id. This accords with the holding in Cipollone v. Liggett Group,Inc., supra, 505 U.S. 521, that Congressional legislation prohibiting certain state "requirements" to be engrafted onto federal legislation includes common law actions for damages.
The plaintiff's complaint, based on common law allegations of improper packaging of a pesticide, is preempted by FIFRA.[2]
she motion to strike the plaintiff's complaint is granted.
BRUCE L. LEVIN Judge of the Superior Court