[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#122)
On March 3, 1995, the plaintiff, Pacific Insurance Co., filed a one count complaint alleging violation of the Connecticut Product Liability Act, General Statutes § 52-572m, et seq., against the defendants, Dymon, Inc. (Dymon) and West Side CT Page 6060 Hardware (West Side). The plaintiff alleges that a pesticide known as Dry Fog Expel Total Release Insect Fogger was manufactured by Dymon, and two cans of which were sold by West Side to either Roscoe, Russell or Rocky Davis, the plaintiff's insureds, on February 24, 1994. The plaintiff further alleges that on February 25, 1994, one of its insureds utilized the pesticide, which was ignited by an appliance pilot light, causing an explosion. The plaintiff alleges the pesticide was unreasonably dangerous or defective pursuant to General Statutes § 52-572m, et seq., the Connecticut Product Liability Act (CPLA), in that the packaging and container did not warn of the danger of explosion or combustion, and that the product was marketed for residential use when it was only safe to be used on an industrial basis.
On March 21, 1996, Dymon filed a motion for summary judgment on the ground that the plaintiff's claim is preempted by the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA),7 U.S.C. § 136v. Dymon also filed a memorandum of law in support. The plaintiff filed a memorandum of law in opposition on March 28, 1996, to which Dymon replied on May 7, 1996.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Home Insurance Co. v. Aetna Life Casualty Co., supra, 202. CT Page 6061
Dymon contends that the plaintiff's product liability claim is preempted by FIFRA in that 7 U.S.C. § 136v(b) provides that states "shall not impose or continue in effect any requirements for labelling or packaging in addition to or different from those required under this subchapter." The plaintiff argues that although it has been held that FIFRA preempts state tort claims relating to defective labelling or packaging, it does not preempt all claims that may be brought under the CPLA.
In Graves v. Metrex Research Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 505710 (July 7, 1995, Koletsky, J., 14 Conn. L. Rptr. 574), the court determined that 7 U.S.C. § 136v "expressly prohibits States from imposing labeling or packaging `requirements' that differ from or add to FIFRA's requirements." The court further held that "to the extent that the plaintiff's claims require a showing that the solutions' labelling or packaging `should have included additional, or more clearly stated, warnings, those claims are preempted.'" Id. Moreover, "the word `requirement' as used in7 U.S.C. § 136v(b) includes state law actions for damages."Papp v. Leslie's Pool Mart, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319881 (November 29, 1995, Levin, J., 15 Conn. L. Rptr. 417).
Nevertheless, "[s]ection 136v . . . permits States wide latitude in regulating the sale or use of pesticides." Graves v.Metrex Research Corp., supra. The plaintiff's product liability claim is also based upon the allegation that the pesticide should only be sold for industrial use, and not for residential use. The court in Burke v. Dow Chemical Co., 797 F. Sup. 1128, 1140
(E.D.N.Y. 1992) stated that "[i]f . . . warnings to the trade, warnings apart from labels or packaging, limitation on sales toprofessionals, or other protections falling generally within the ambit of warnings should have been used when the content of the label was fixed by the EPA there remains a liability question for the trier of fact." (Emphasis added.)
The plaintiff's allegations that the packaging and container should have provided additional warnings is preempted by FIFRA. However, the plaintiff's allegation that the pesticide was marketed and sold for residential use, thereby violating the CPLA, brings the plaintiff's claim outside of FIFRA. Accordingly, summary judgment is denied. CT Page 6062
Ballen, Judge