[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#112)
On July 31, 1995, the plaintiff, Laura A. Walters, commenced this action against the defendants, Homestaff Health Care Services Inc. and Herbert Prosser. In her ten count amended complaint filed on November 9, 1995, the plaintiff alleges that between the dates of May 17, 1993, and September 7, 1994, while she was an employee at Homestaff Health Care Services, she was the target of repeated, intentional and hostile harassment by the defendant, Prosser.
The plaintiff brings claims against each defendant for defamation, invasion of privacy, negligent and intentional infliction of emotional distress, discriminatory employment practices pursuant to General Statutes § 46a-60(a)(8), civil assault, and false imprisonment against Prosser, and a claim for constructive termination and negligence against Homestaff. CT Page 1428-RRR
On December 11, 1995, the defendants filed a motion to strike counts two, three, four, five, six and eight of the plaintiff's amended complaint, accompanied by a memorandum in support of its motion. The plaintiff filed an opposition brief on January 5, 1996, and the defendants filed a reply thereto on January 16, 1996.
A motion to strike contests the legal sufficiency of a pleading. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358, 372, 636 A.2d 786 (1994). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). The court "is limited to the facts alleged in the complaint . . . as well as grounds specified in the motion. . . . The court will not uphold the granting of the motion to strike on a ground not alleged in the motion or relied upon by the trial court." (Citation[s] omitted.)Blancato v. Feldspar Corp., 203 Conn. 34, 44, 522 A.2d 1235 (1987).
The defendants argue that count two, alleging defamation, should be stricken on the ground that it is insufficient because it lacks the essential element of publication, since the defamatory statements were only made within earshot of other employees at Homestaff. Homestaff further contends that it is not responsible for Prosser's defamatory statements since they were made outside of the scope of Prosser's duties as vice president of Homestaff.
"A defamation action is based on the unprivileged communication of a false statement that tends either to harm the reputation of another by lowering him in the estimation of the community or to deter others from dealing or associating with him."Gillette v. Town of New Milford, Superior Court, judicial district of Tolland at Rockille [Rockville], Docket No. 054791 (September 16, 1992, Klaczak, J.). See Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 316, 477 A.2d 1005 (1984). "Publication and harm to reputation are two necessary elements of the defamation cause of action." Miles v. Perry, 11 Conn. App. 584, 601, n. 11,529 A.2d 199 (1987). Moreover, "[t]he standard of fault applicable to private individuals requires the plaintiff to prove a negligent misstatement of fact." Id., 588.
In count two, the plaintiff alleges that during her period of employment at Homestaff, Prosser made defamatory statements in CT Page 1428-SSS the presence of other employees of Homestaff. The defendants argue that such intracorporate communications do not constitute defamation. In addressing the issue of intracorporate communications in an action for defamation, the Supreme Court held, "[a]lthough intracorpoate [intracorporate] communications once were considered by many courts not to constitute publication of a defamatory statement, that view has been almost entirely abandoned, and we reject it here." Torosyan v. BoehringerIngelheim Pharmaceuticals, Inc., 234 Conn. 1, 27, 662 A.2d 89
(1995). See also Battista v. United Illuminating Co.,10 Conn. App. 486, 489, 523 A.2d 1356, cert. denied, 204 Conn. 803,525 A.2d 1352 (1987) (affirming finding of defamation where corporation accused plaintiff employee of theft in letter that was sent to plaintiff and three other agents of corporation). Thus, the defendants' motion to strike count two is denied as to Prosser.
Homestaff next argues that count two should be striken as to it because it is not responsible for Prosser's defamatory statements since they occurred outside the scope of his employment.
"Under the doctrine of respondeat superior, a master is liable for the wilful torts of his servant committed within the scope of the servant's employment and in furtherance of his master's business." Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 500,656 A.2d 1009 (1995). "In order to hold an employer liable for the intentional torts of his employee, the employee must be acting within the scope of his employment and in furtherance of the employer's business. . . . But it must be the affairs of the principal, and not solely the affairs of the agent, which are being furthered in order for the doctrine to apply." Id. "Unless the employee was actuated at least in part by a purpose to serve a principal, the principal is not liable." (Citation omitted; internal quotation marks omitted.) Glucksman v. Walters,38 Conn. App. 140, 144, 659 A.2d 1217 (1995).
Under the doctrine of respondeat superior, Homestaff is not liable for Prosser's statements since the plaintiff has not alleged that such statements were made in furtherance of Homestaff's business.[1] On the contrary, the plaintiff alleges in count two that "such statements . . . were outside the scope of Prosser's duties and responsibilities as vice president of Homestaff." (Plaintiff's Amended Complaint, ¶ 14). Thus, the defendant's motion to strike count two is granted as to Homestaff. CT Page 1428-TTT
The defendants argue that count three, alleging invasion of privacy, should be stricken on the grounds that the claim lacks the requisite element of publication and the plaintiff fails to properly allege invasion of privacy by false light.
In order to establish invasion of privacy by false light, the plaintiff must show "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. . . . [T]he essence of a false light privacy claim is that the matter published concerning the plaintiff (1) is not true; and (2) is such a major misrepresentation of his character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position." Goodrich v. Waterbury Republican-American, Inc.,188 Conn. 107, 128, 131, 448 A.2d 1317 (1982).
To satisfy the element of publicity under an invasion of privacy by false light claim, the plaintiff must show that "the matter is made public by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge . . . thus it is not an invasion of the right of privacy . . . to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons." McGrath v. The YaleCorporation, Superior Court, judicial district of New Haven at New Haven, Docket No. 326144 (May 17, 1993, Thompson, J.).
The plaintiff alleges that Prosser's statements were made within earshot of other employees at Homestaff. The plaintiff has not sufficiently pleaded the element of publicity since the statements were not communicated to the public at large or to a large group of people, and the matter is not certain to become one of public knowledge. Thus, the defendants' motion to strike count three is granted.
The defendant, Homestaff, argues that counts four and five, alleging negligent and intentional infliction of emotional distress, should be stricken on the ground that Prosser's actions occurred outside the scope of his employment.
The plaintiff has failed to sufficiently allege that Prosser's acts were within the scope of, and in furtherance of his CT Page 1428-UUU employment. As such, Homestaff may not be held liable for Prosser's acts under the theory of respondeat superior. Thus, counts four and five are stricken as to Homestaff.
The defendant, Homestaff, argues that count six, alleging constructive termination, should be stricken on the ground that it is not recognized as a separate and distinct cause of action.
"Constructive discharge occurs when an employer renders an employee's working conditions so difficult and intolerable that a reasonable person would feel forced to resign. . . . A claim of constructive discharge must be supported by more than the employee's subjective opinion that the job conditions have become so intolerable that he or she was forced to resign. . . . [A]n employee who resigns is not regarded as having been discharged, and thus would have no right of action for abusive discharge. . . . A constructive discharge in and of itself will not entitle an at will employee to prevail . . . because the employee must still prove that the dismissal, in whatever form, occurred for a reason violating public policy." (Citations omitted; internal quotation marks omitted.) Seery v. Yale-New Haven Hospital, 17 Conn. App. 532,540, 554 A.2d 757 (1989); Rogers v. The Hartford Insurance Co., Superior Court, judicial district of Waterbury, Docket No. 106204 (March 23, 1994, Sullivan, J.).
The plaintiff does not allege sufficient facts to plead a cause of action for constructive termination since she has failed to allege that the termination occurred for a reason violating public policy. See also Korineck v. Automotive Controls Corp., Superior Court, judicial district of New London at New London, Docket No. 506765 (July 26, 1990, Burns, J.) (where the plaintiff alleged that the defendants created and maintained a hostile work' environment which forced the plaintiff to terminate her employment, the court held that the plaintiff did not allege sufficient facts to plead a cause of action for constructive discharge). Thus, the motion to strike count six is granted.
The defendant, Prosser, argues that count eight, alleging discriminatory employment practices in violation of General Statutes § 46-60(a)(8), should be stricken on the ground that it may not be brought against an individual employee.
General Statutes § 46-60(a)(8) states in pertinent part: "It shall be a discriminatory practice in violation of this section: [f]or an employer, by himself or his agent, . . . to harass any CT Page 1428-VVV employee, person, seeking employment or member on the basis of sex. Sexual harassment shall, for the purposes of this section, be defined as any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when . . . (C) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment." General Statutes §46a-51 defines employer as "state and all political subdivisions thereof and means any person or employer with three or more persons in his employ."
When interpreting the meaning of a statute, the general rule is, "[w]here the meaning of a statute . . . is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it. Its unequivocal meaning is not subject to modification by way of construction." (Citation omitted; internal quotation marks omitted.) State v. Felder, 39 Conn. App. 840, ___ A.2d ___ (1995). Thus, Prosser is not an employer based on the plain meaning of General Statutes § 46-60(a)(8), and as such the plaintiff may not bring a cause of action against him under this statute. Thus, Prosser's motion to strike count eight is granted.
Accordingly, the defendants' motion to strike is denied as to count two against Prosser only, and granted as to counts three, four, five, six and eight.
RICHARD J. TOBIN, JUDGE