[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#102)
The plaintiffs, Brenda and Michael Scully, commenced this action on October 23, 1996, by filing a four count complaint against the defendants, Carin Newman and the City of Danbury. The plaintiffs allege that on or about October 11, 1993, the plaintiff, Brenda Scully, was jogging on Kenosia Avenue in Danbury, when the defendant, Carin Newman, struck the plaintiff with her automobile, causing the plaintiff severe injuries.
The plaintiffs bring a cause of action in negligence against the defendant Newman, and allege a breach of statutory duty under Connecticut's Highway Defect Statute, General Statutes § 13a-149, against the City of Danbury. Additionally, Michael Scully, husband of the plaintiff, brings a loss of consortium claim CT Page 2078 against both defendants.
On November 9, 1995, the City of Danbury (hereinafter "defendant") filed a motion to strike counts two and four of the plaintiffs' complaint, accompanied by a memorandum in support of its motion. On December 11, 1995, the plaintiffs filed a memorandum in opposition to the defendant's motion to strike.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel,228 Conn. 358, 372-73, 636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
The defendant argues that count two, alleging a statutory breach of duty under the Highway Defect Statute, General Statutes § 13a-149, should be stricken on the ground that the negligent acts or omissions alleged by the plaintiffs are discretionary in nature under General Statutes § 52-557n, and thus barred by the doctrine of governmental immunity.
"A municipality is immune from liability for the performance of governmental acts, as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . . [M]inisterial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." Gauvinv. New Haven, 187 Conn. 180, 184, 445 A.2d 1 (1982). In applying the doctrine of governmental immunity, courts have stated that "[w]ether or not governmental immunity exists for the conduct of a municipality, its officers and employees is a question of law . . . . The issue of governmental immunity can, in a proper case, be raised on a motion to strike." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
The plaintiffs allege that the defendant is liable under General Statutes § 13a-149 in that it failed to install, CT Page 2079 replace or maintain a stop sign in the intersection in question. Such acts or omissions have been found to be discretionary in nature. Dunbar v. City of Stamford, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 310727 (May 5, 1994, Fuller, J.) (stating that it is obvious that maintenance of highways is a governmental function of a municipality, and the task of replacing and installing stop signs is discretionary in nature). See also Sousa v. Town of Brookfield, Superior Court, Judicial District of Danbury, Docket No. 307588 (May 27, 1992, Fuller, J.) (holding that replacement and installation of stop signs and a policy to perform such tasks is a discretionary and not a ministerial act).
The acts or omissions alleged by the plaintiffs are discretionary in nature, which gives the defendant qualified immunity. When a municipality is engaged in discretionary acts, as opposed to ministerial acts, there is qualified immunity, subject to three exceptions: "(1) where the circumstances make it apparent to the public officer that failure to act is likely to subject an identifiable person to imminent harm; (2) where a statute specifically provides for a cause of action against a municipality or municipal offer for failure to enforce certain laws; and (3) where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." Evon v. Andrews,211 Conn. 501, 505, 559 A.2d 1131 (1989). The plaintiffs do not allege a factual basis for any of these exceptions. "In order for the first exception to apply and give the plaintiff a cause of action, it must be shown that [she] was both a readily identifiable victim, and (2) subject to imminent harm." Shore v.Stonington, 187 Conn. 147, 154, 444 A.2d 1379 (1982). In Sousa v.Town of Brookfield, supra, with facts indistinguishable to the present case, the court held, "[t]his narrow exception does not apply because the plaintiff was among many, not specifically identifiable persons who might pass through the intersection, and the lack of a stop sign was not a condition of imminent harm to persons at the intersection even if failure to have a stop sign was negligence on the part of the Town and its employees." Because the acts or omissions alleged by the plaintiffs are discretionary in nature, and none of the exceptions apply, the defendant's motion to strike is granted as to count two.
The defendants argue that count four, alleging a loss of consortium claim derivative of count two, should be stricken on the ground that General Statutes § 13a-149 does not permit damages for loss of consortium. CT Page 2080
The courts of Connecticut have consistently stated that "in providing that no cause of action shall be maintained in nuisance or negligence that might be brought under the highway defect statute, the legislature eliminated the victim's spouse's right to recover for loss of consortium. An action for loss of consortium is derivative of the injured spouse's cause of action, the consortium claim would be barred when the suit brought by the injured spouse is barred . . . . Section 13a-149 does not permit damages for loss of consortium, but permits recovery only by the injured traveler." (Citations omitted; internal quotation marks omitted.) Sanzone v. Board of Police Commissioners, 219 Conn. 179,198, 592 A.2d 912 (1991). See Lynn v. Haybuster Mfg., Inc.,226 Conn. 282, 293, 627 A.2d 1288 (1993); Hopson v. St. Mary'sHospital, 176 Conn. 485, 494, 408 A.2d 260 (1979). Therefore, the defendant's motion to strike count four is granted.
Accordingly, the defendant's motion to strike count two and count four is granted.
KARAZIN, J.