[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO CITE IN ADDITIONAL DEFENDANT
The defendants have filed a motion to cite in the Commissioner of Transportation as an additional defendant pursuant to § 52-102 of the General Statutes, for the limited purpose of apportioning liability at the time of trial. In a negligence action to recover damages for personal injuries, each party against whom recovery is allowed is liable to the claimant only for that defendant's proportional share of the plaintiff's damages. Section 52-572h(c) C.G.S. Where a defendant claims that another person, corporation or agency is also partially' responsible for the injured plaintiff's damages, the recognized procedure is to file a motion to cite in that entity as an additional defendant pursuant to § 52-102 of the General Statutes. See Baker v. Franco,7 Conn. L. Rptr. 622 (1992); Tedesco v. Whittelaw, 9 Conn. L. Rptr. 149
(1993). The plaintiff has objected to the defendant's motion to cite in the Commissioner of Transportation on three grounds: (1) the State of Connecticut is the plaintiff's employer, and the plaintiff cannot make a claim against his employer when the injury is covered by worker's compensation; (2) the defendant has not brought an action against the State or the Highway Commissioner so there is no notice to the plaintiff as to the factual basis for limiting the CT Page 6631 defendants' liability, or for apportioning part of the damages against the State or its agents; and (3) the State of Connecticut is already a party to this action because it has already intervened as an employer to recover worker's compensation under § 31-293 (a) of the General Statutes.
There is no merit to the second ground for the objection. The apportionment of liability allowed under § 52-572h of the General Statutes does not require that there be a complaint against the proposed defendant, but only that it be made a party to the action. See Baker v. Franco, 7 Conn. L. Rptr. supra, 624; Chueka v.Winfield, 8 Conn. Super. Ct. Rpts. 1066 (1993); Tedesco v.Whittelaw, supra, 150. The basis for a claim that the Highway Commissioner may be partially responsible for the plaintiff's injuries is adequately clear from the pleadings.
This case presents an unusual factual situation. The plaintiff is an employee of the State Department of Transportation and was injured while sitting in a vehicle owned by his employer, when parked in one of the travelled lanes of Interstate 95 which was closed for construction. The vehicle was struck by another vehicle traveling in the center lane of the highway, which was not closed. The defendants are the owner and operator of the other vehicle. The defendants claim that an outrigger protruding from the parked vehicle extended into the center lane and that this condition was a contributing factor to the accident. On that basis they have moved to cite in the Commissioner of Transportation as an additional defendant under § 52-102 of the General Statutes to obtain apportionment of liability under § 52-572h. In opposing the motion to cite in the Commissioner as an additional defendant, the plaintiff relies on that portion of § 52-102 which reads: "Provided no person who is immune from liability shall be made a defendant in the controversy."
While there is a split of authority among the Superior Court decisions which have considered the issue, this court has adopted the view that even though an injured traveler on a public highway can only recover against the' state or municipality when such defendant is the sole proximate cause of the plaintiff's injuries, that they can still be added as defendants for the purpose of apportioning liability under § 52-572h. Chueka v. Winfield, supra; McLaughlin v. Morelock, 7 Conn. L. Rptr. 55 (1992). See also Violette v. City of New Britain, 9 Conn. Super. Ct. Rpts. 69 (1994). However, in the cases where the state or municipality have been joined as an additional defendant for apportionment of CT Page 6632 liability, the plaintiff was not its employee injured during the course of his employment. In Durniak v. August Winter Sons,Inc., 222 Conn. 775, it was held that the defendant in a negligence action cannot raise the negligence of the injured party's employer as a special defense where the employer has intervened as a plaintiff to obtain the employer's right to reimbursement of worker's compensation benefits under § 31-293 (a) of the General Statutes. Recognizing that § 52-572h(b) applies only to causes of action based on negligence, the employer's claim is not within the provisions of that statute, because it is a statutory cause of action derived entirely from § 31-293 (a) of the General Statutes. Id., 782.
The State of Connecticut has asserted a similar claim in this case as the plaintiff's employer. While that claim is joined with the plaintiff's claim against the defendants, the state is not an existing party for the purpose of apportioning liability under § 52-572h. The State of Connecticut by intervening to recover worker's compensation payments under § 31-293 (a) is in the case only for that limited purpose under that statute.
The next question is whether the Highway Commissioner can be cited in at all because of the limitation imposed by § 52-102. The plaintiff was clearly injured while within the scope of his employment. Another statute, § 31-284 (a), expressly precludes an action by an employee against his employer for damages for personal injuries sustained within the course of employment. See Mingachosv. CBS, Inc., 196 Conn. 91, 97; Jett v. Dunlap,179 Conn. 215, 217. Accordingly, the plaintiff could not recover damages for negligence against his employer, the State Highway Commissioner, even if the sole proximate cause of the plaintiff's injury was a highway defect. The State can only be liable to an injured party where the highway defect is the sole proximate cause of the injury, White v.Burns, 213 Conn. 307, 336 and claims against the state for highway defects are otherwise barred by sovereign immunity. Baker v.Ives, 162 Conn. 295, 298. Since the plaintiff has no standing to make a claim against his own employer, the Highway Commissioner cannot be brought into this action as a defendant for apportionment of liability under § 52-572h. Section 52-102 expressly precludes adding as a defendant any person or entity who is immune from liability. An action against a state officer is the same as an action against the state. Sentner v. Board of Trustees,184 Conn. 339, 342.
The motion to cite in is denied and the objection to it is CT Page 6633 sustained.
ROBERT A. FULLER, JUDGE