[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO DISMISS (#117)
The plaintiff, Heber Camejo, brings this action against the defendant, Southern Connecticut Gas Company (SCGC), to recover for personal injuries allegedly sustained as a result of a natural gas pipe line explosion. The plaintiff alleges that on December 20, 1991, while in the course of his employment as a school bus driver, he stopped the bus he was operating at the intersection of Central Avenue and Connecticut Avenue in Bridgeport. At that time an explosion occurred which allegedly caused a traffic light, electrical poles and electrical wires to fall upon the bus and injure the plaintiff. The plaintiff alleges that his injuries were caused by the negligence and recklessness of SCGC, acting through its agents and employees, in that, inter alia, they failed to properly maintain and inspect the natural gas pipe line that exploded on December 21, 1991.
On July 26, 1995, SCGC filed a motion to cite in the State of Connecticut (State) as a party defendant "for purposes of apportionment only. In its apportionment complaint, SCGC alleges that the explosion was caused by the negligence of the State because, inter alia, it allowed an electrical line to be placed unreasonably close to the gas pipe line. Process was served upon the State on August 23, 1995.
On September 21, 1995, the State filed a motion to dismiss (#117) the apportionment complaint, and a supporting memorandum of law. The State moves to dismiss on the ground that the court lacks subject matter jurisdiction to hear the apportionment action! because the State is immune from suit pursuant to the doctrine of CT Page 14074 sovereign immunity. On October 6, 1995, SCGC filed an objection to the motion to dismiss and a memorandum of law.
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Grant v.Bassman, 221 Conn. 465, 470, 604 A.2d 814 (1992). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." Amore v. Frankel, 228 Conn. 358, 362 n. 3,636 A.2d 786 (1994). "`[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss.'" Antinerella v. Rioux, 229 Conn. 479,489, 642 A.2d 699 (1994).
In support of its motion to dismiss the apportionment complaint the State argues that nothing in the language of the apportionment statutes, General Statutes § 52-102 and 52-572h, indicates that the State has waived its immunity from suit in a tort action, and therefore, the State may not be made a party defendant for purposes of apportionment. The State also argues that neither the plaintiff nor SCGC allege that they obtained permission to sue the State from the claims commissioner in accordance with Chapter 53 of the General Statutes.
In response SCGC argues that pursuant to §§ 52-102 and 52-572h, the State has waived its sovereign immunity where it is cited into an action as a party defendant solely for purposes of apportioning percentages of negligence and no monetary relief is sought. SCGC further contends that an apportionment claim is not a cause of action to which sovereign immunity attaches. SCGC also argues that the legislative intent of the apportionment statutes would be frustrated if it cannot cite in a person whose negligence allegedly was a proximate cause of the plaintiff's injuries.
Generally, "the state cannot be sued without its consent."Horton v. Meskill, 172 Conn. 615, 623, 376 A.2d 359 (1977). An exception to this rule exists where the state waives sovereign immunity by means of legislation. See Doe v. Heintz, 204 Conn. 17,32, 526 A.2d 1318 (1987); Berger Lehman Associates, Inc. v. State,178 Conn. 352, 357, 422 A.2d 268 (1979). "[T]he state's sovereign right not to be sued without its consent is `not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms or by force of a necessary implication.'" (Citation omitted.) Murphy v.Ives, 151 Conn. 259, 262, 196 A.2d 596 (1963). CT Page 14075
The "apportionment" statute, General Statutes § 52-572h(c), provides in pertinent part that "[i]n a negligence action to recover damages resulting from personal injury . . ., if the damages are determined to be proximately caused by the negligence of more than one party, each Party against whom recovery is allowedshall be liable to the claimant only for his proportionate share of the recoverable economic damages. . . ." (Emphasis added.) General Statutes § 52-102, which provides the mechanism for citing in an additional party for purposes of apportioning liability, provides in pertinent part that "[u]pon motion made by any party. . . to a civil action, the person named in the party's motion . . . (1) may be made a party by the court if that person has or claims an interest in the controversy. . . adverse to the plaintiff, and (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall bemade a defendant in the controversy." (Emphasis added.) Section52-102 "asks the court to cause a third person to be a defendant because he is or may be liable to the plaintiff. The only exemption specifically provided for by that statute is in instances of immunity." (Emphasis added.) Brozdowski v. Southern ConnecticutGas Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 289173 (August 21, 1992) (Katz, J.) (7 Conn. L. Rptr. 237, 238).
In the present case, there is nothing in the language of §§52-102 and 52-572h(c) which either expressly waives the state's sovereign immunity, or indicates a legislative intent to waive the state's sovereign immunity for purposes of apportioning liability. Moreover, § 52-102 expressly provides that an immune entity, such as the State, cannot be cited into an action as a party defendant.
"The General Assembly is always presumed to know all the existing statutes and the effect that its action or inaction will have upon any one of them and is presumed to have intended the result that its action or inaction produces." Plourde v. Liburdi,207 Conn. 412, 417, 540 A.2d 1054 (1988). Thus, for purposes of the present case it must be presumed that the legislature was aware of the language in § 52-102 which provides that "no person who is immune from liability may be made a defendant in the controversy" when it amended § 52-572h in 1987 ("Tort Reform II"). The court must also presume that the legislature, in continuing to provide that an immune person cannot be cited in as a party defendant, was aware of the possibility that in certain cases CT Page 14076 a defendant would attempt to cite in the State as party defendant for purposes of apportioning liability.
SCGC nevertheless argues that because apportionment of liability is not a cause of action upon which it could recovery monetary damages from the State, the doctrine of sovereign immunity is inapposite, as the State does not have a pecuniary interest or substantive right to protect. SCGC contends that even though the State is named as a defendant, because it is in the suit for purposes of apportionment only, it is not an actual or interested party. The argument is without merit because it ignores the long established principle that sovereign immunity encompasses immunity from suit as well as immunity from liability. (Emphasis added.)Bergner v. State, 144 Conn. 282, 285, 130 A.2d 293 (1957). Thus, if the state, by statute or otherwise, does not consent to be sued, it remains immune from suit irrespective of whether or not apportionment constitutes a cause of action upon which SCGC could recover monetary damages. Moreover, once a person (including the State) is cited in and served with process, the person becomes an "actual or interested" party defendant because the plaintiff could then amend his complaint to state a claim for monetary damages against the cited in defendant.
SCGC's final argument is that the legislative intent of § 52-572h
would be frustrated if it cannot cite in the State for purposes of apportioning liability among all parties whose negligence proximately caused the plaintiff's injuries. Pursuant to § 52-572h(F)(4), the finder of fact is required to specify "the percentage of negligence that proximately caused the injury . . . that is attributable to each party whose negligent actions were a proximate cause of the injury. . . ." (Emphasis added.) While the statute provides that a defendant should only be liable for the portion of the damages that were proximately caused by his negligence, it is also clear that the percentage of negligence that proximately caused the plaintiff's injuries can only be attributed to a party to the action. Because § 52-102 prohibits citing in a person who is immune from liability as a party defendant, the percentage of negligence attributable to parties pursuant to § 52-572h(F)(4) cannot be attributed to an immune person such as the State.[1] Nevertheless, in the present case, SCGC's right to apportionment is not frustrated because it may be able to file its claim with the claims commissioner pursuant to General Statutes § 4-141 et seq.
Based on the foregoing discussion, the court concludes that in CT Page 14077 the absence of the State's consent to be sued, the State cannot be cited into an action as a party defendant for purposes of apportionment. Accord: Belcher v. Agency Rent-A-Car, 11 Conn. L. Rptr. 427,9 CSCR 463 (1994) (Sheldon, J.); Gee v. Skarupa, 9 CSCR 80 (January 31, 1994) (Pittman, J.); Doe v. Connecticut Bar Association, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 521441 (December 10, 1993) (Corradino, J.). Contra, Barrett v. Scozzafava, Superior Court, judicial district of Waterbury, Docket No. 117972, 12 Conn. L. Rptr. 657 (October 31, 1994) (Sullivan, W., J.).
The State's motion to dismiss is granted as to SCGC's apportionment complaint.
BALLEN, JUDGE