[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Mary Anne Dolson, filed this action on March 21, 1996, against the defendants, Baier Construction Company, Inc. ("Baier"), William J. Burns, Commissioner of Transportation ("commissioner"), and City of Norwalk ("city"). The plaintiff filed a three-count complaint alleging the following facts. On or about March 16, 1994, plaintiff was injured while walking by a construction site on River Street in Norwalk. In count one, the plaintiff claims that Baier was negligent in maintaining the area and in failing to provide a safe walkway. In counts two and three, the plaintiff alleges that the commissioner and the city, respectively, failed to repair and maintain the highway in a safe condition. The plaintiff subsequently filed a revised complaint, adding the allegation that the city was the sole proximate cause of the injury.
Baier filed an answer to the original complaint and the commissioner filed an answer to the original complaint and a CT Page 8017 cross complaint against Baier. The city also filed a cross complaint against Baier. On April 26, 1996, the city filed a cross complaint against the commissioner.
The commissioner then filed a motion (#109) to dismiss the city's cross complaint. The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 143. "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.)Antinerella v. Rioux, 229 Conn. 479, 489, 642 A.2d 699 (1994). "When a [trial] court decides a jurisdictional question raised by a pre-trial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." Id.
The city's cross complaint against the commissioner alleges that the commissioner "is liable to the City of Norwalk for any and all costs incurred as a result of this lawsuit in that said Defendant is responsible for the Plaintiff's injuries, if any." In his motion to dismiss, the commissioner alleges that the court lacks subject matter jurisdiction over the cross complaint because of sovereign immunity, lack of notice, and failure to state a cause of action.
The city contends that the city's claim is brought under General Statutes § 52-572h, that notice under General Statutes § 13a-144 is not required, and that the city "would claim that it is not seeking financial damages from the State. Rather, it is seeking to have substantial justice done such that only the `sole proximate cause' should be responsible to the Plaintiff." The city further argues that its claim against the commissioner is "brought pursuant to CGS Section 52-572h (the apportionment statute). The statute does not exclude causes of action against the State. If the legislature had intended such exclusion, it could have specifically provided the same."
"It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases . . . and that since the state can act only through its officers and agents a suit against a state officer is in effect one against the CT Page 8018 sovereign state. . . . The state legislature, however, possesses the authority to abrogate any governmental immunity by statute that the common law gives to the state and municipalities. . . . Indeed, this is what the legislature did in the area of highway defects when it enacted the state and municipal highway liability statutes. The state, which ordinarily would not be liable, permitted itself, as a matter of grace, to be sued under the express conditions of the statute [§ 13a-144]." (Citations omitted; internal quotation marks omitted.) White v. Burns,213 Conn. 307, 312, 567 A.2d 1195 (1990).
The city is not bringing this action under § 13a-144, but under the apportionment statute. Section 52-572h does not waive the state's immunity. The city's contention that such a waiver should be found in the absence of a specific exclusion for the state under § 52-572h is not supported by any authority. By contrast, the Connecticut Supreme Court "has recognized the well established principle that statutes in derogation of sovereign immunity should be strictly construed . . . . Where there is any doubt about their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity. . . . Further, this court has stated that the state's sovereign right not to be sued without its consent is not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms. . . ." (Citations omitted; internal quotation marks omitted.) White v. Burns, supra, 213 Conn. 312-13.
"Prior to the passage of Public Act 95-111, . . . there was a split of authority as to whether an immune person could be cited in for purposes of apportioning liability under General Statutes § 52-572h." Catalan v. Machnik Construction Co., Inc.,
Superior Court, judicial district of New London, Docket No. 535192 (March 8, 1996, Austin, J.). See Camejo v. SouthernConnecticut Gas Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310068 (December 6, 1995, Ballen, J., 15 Conn. L. Rptr. 457) ("Because § 52-102
prohibits citing in a person who is immune from liability as a party defendant, the percentage of negligence attributable to parties pursuant to § 52-572h(F)(4) cannot be attributed to an immune person such as the State."); but see Carson v.Ruggiero, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 303533 (June 14, 1994, Fuller, J.,9 CSCR 705) ("even though an injured traveler on a public highway can only recover against the state or municipality when such CT Page 8019 defendant is the sole proximate cause of the plaintiff's injuries, . . . they can still be added as defendants for the purpose of apportioning liability under § 52-572h"); Barrettv. Scozzafava, Superior Court, judicial district of Waterbury, Docket No. 117972 (November 2, 1994, Sullivan, J.,12 Conn. L. Rptr. 657) ("§ 52-572h allows for apportionment among parties against whom recovery may not be allowed").
The legislature resolved the uncertainty in 1995 to specifically provide for the exclusion of the state from §52-572h by amending § 52-102 and enacting Public Acts 1995, No. 95-111, § 1(c) (P.A. 95-111).[1] Public Act 95-111(c) states, "No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h
of the General Statutes." P.A. 95-111(c). "Under the liability apportionment system, a defendant who believes that a nonparty is responsible for some or all of the plaintiff's injuries could implead the nonparty. General Statutes § 52-572h. In the same public act that created apportionment, the legislature amended General Statutes § 52-102 by adding the provision that noperson who is immune from liability shall be made a party in thecontroversy." (Emphasis in original; footnote omitted; internal quotation marks omitted.) Cooper v. Delta Chi Housing Corp. ofConnecticut, 41 Conn. App. 61, 65, 674 A.2d 858 (1996).
Because the commissioner has not waived sovereign immunity, the city's claim under § 52-572h fails for lack of subject matter jurisdiction. Therefore, the motion by the commission to dismiss the city's cross complaint is granted.
So Ordered.
Dated at Stamford, Connecticut, this 25th day of October, 1996.
WILLIAM BURKE LEWIS, JUDGE