[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS #115
The plaintiff alleges that during the course of her employment with the State of Connecticut (the State), she was injured when she was riding on an elevator which malfunctioned. The elevator was allegedly inspected and controlled by defendant, Delta Elevator (Delta) and sold and manufactured by the defendant, Montgomery Services, Inc. (Montgomery). The plaintiff has recovered workers compensation benefits from the State and has brought this action against the defendants Delta and Montgomery.
The State moved to intervene as co-plaintiff seeking reimbursement for monies paid for the plaintiff s benefit. The defendants filed an answer to the state's intervening complaint denying liability and asserting a counterclaim pursuant to §§52-572h and 52-572o. The counterclaim alleges that the State owned and controlled the building where the elevator was located and that the State was negligent and that liability should be apportioned against the state pursuant to §§ 52-572h and52-572o.
The State has filed this motion to dismiss the defendants' counterclaim on the ground that the court lacks subject matter jurisdiction because the counterclaim is barred by the doctrine of sovereign immunity and Public Act 95-111 (the Act), and that the counterclaim does not arise out of the same transaction as the underlying intervening complaint.
"The motion to dismiss shall be used to assert (1) lack of CT Page 7145 jurisdiction over the subject matter. . . ." (Quotation marks omitted ) Sadlowski v. Manchester, 235 Conn. 637, 645-46 n. 13668 A.2d 1314 (1995). "`[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss.'" Federal Deposit InsuranceCorp. v. Peabody, N.E., INC., 239 Conn. 93, 99, 680 A.2d 1321
(1996) quoting Amore v. Frankel, 228 Conn. 358, 364, 636 A.2d 786
(1994). "When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." (Quotation marks omitted.) Antinerella v. Rioux, 229 Conn. 479, 489, 642 A.2d 699 (1994).
"Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Secs. 112 and 113 and within the time provided by Sec. 142." Practice Book § 144: see also Plasil v. Tableman 223 Conn. 68, 72 n. 6, 612 A.2d 763
(1992). However, "[a] challenge to the court's subject matter jurisdiction may be made at any time." Goodson v. State,232 Conn. 175, 179, 653 A.2d 177 (1995). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Antinerella v. Rioux,
supra, 229 Conn. 479, 489.
In its memorandum in support of its motion to dismiss the defendants' counterclaim, the State contends that it is immune from suit under the doctrine of sovereign immunity and that the Act prohibits bringing an otherwise immune party into an action for apportionment. In addition the State argues that the court lacks subject matter jurisdiction because the defendants have failed to exhaust their administrative remedies as required by § 4-160. (Memorandum in Support, p. 3.)
In opposition, the defendants argue that the State waived sovereign immunity when it intervened in this case as a co-plaintiff seeking damages from the defendants. The defendants further argue that the Act does not bar their counterclaim because the Act sets forth the procedure for bringing a nonparty into an existing action and has waived it's sovereign immunity.
It is the States claim that it is not seeking damages but is only making a claim to recover its statutory lien pursuant to § 31-293 against the proceeds that the plaintiff may recover CT Page 7146 in her suit for damages.
The court will first address the issue of sovereign immunity. "It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases." Bresan v.Frankel 224 Conn. 23, 25-26, 615 A.2d 1040 (1992). "Sovereign immunity may be waived only through a statute. Any statutory waiver of immunity must be narrowly construed. The state's sovereign right not to be sued may be waived by the legislature provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication." (Quotations omitted.) Struckman v. Burns 205 Conn. 542, 558,534 A.2d 888 (1987).
General Statutes § 52-572h(c) provides in pertinent part that "[i]n a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages. . . ." Public Act 95-111 provides that the procedure outlined in the act is the "exclusive means by which a defendant may add a person who is or may be liable pursuant to [§ 52-572h]. . . ." Public Act 1995 No 95-111 § 1(f). The Act further provides that "[n]o person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to [§ 52-572h]." Public Act 1995, No. 95-111 § 1(c).
There is nothing in the language of § 52-572h or the Act which either expressly waives the state's sovereign immunity or indicates a legislative intent to waive the state's sovereign immunity for purposes of apportionment. In fact, the Act provides that an immune entity cannot be cited into an apportionment suit. See Cooper v. Delta Chi Housing Corp., 41 Conn. App. 61,674 A.2d 464 (1996) (holding that sovereign immunity bars a defendant from joining the state as an apportionment defendant under §52-102 and § 52-572h.).
The defendants argue that because the State moved to become a party in this suit under § 31-293 they have waived sovereign immunity. In support of this position the defendants cite Lacassev. Burns, 214 Conn. 464, 572 A.2d 357 (1990). That case is CT Page 7147 inopposite and merely holds that once the State has consented to be sued it is subject to the same procedures and rules as any other litigant.
The court finds that the State is immune from the claims of the defendant because of the doctrine of sovereign immunity but even if were not, the counterclaim against the State would fail. In Durniak v. August Winter Sons, Inc., 222 Conn. 775,610 A.2d 1277 (1992), the Supreme Court held that a third party tortfeasor could not raise the negligence of the employer as a special defense in answer to the intervening complaint of the plaintiff's employer. In that case, as in the present case, the employer intervened in the plaintiff's personal injury action to secure its right to reimbursement of workers' compensation benefits pursuant to § 31-293. The court stated that "[b]ecause an employer's right to obtain reimbursement from a third party tortfeasor is a statutory claim that is derived in its entirety from § 31-293 (a) . . . the employer's claim does not fall within the compass of § 52-572h." Id., 782.
For the reasons stated above the court finds that this counterclaim is barred by the doctrine of sovereign immunity, and not permitted under the Act and therefore the court lacks subject matter jurisdiction. Since the court has decided that the State is immune the court will not consider the other claims of the State in connection with this motion. The state's motion to dismiss the counterclaim is granted.
PELLEGRINO, (J)