[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION FACTS
On February 6, 1995, the plaintiff, Stevie McCray, filed a lawsuit against defendants Dattco Bus Co. (Dattco), Elisio Marquez, Jr. (Marquez), and the State of Connecticut (state), seeking damages for injuries he sustained in a motor vehicle accident that occurred on April 27, 1993. McCray, the passenger in the state owned automobile driven by another state employee, was acting within the scope of his employment at the time of the accident. McCray received workers' compensation benefits. The state filed an intervening complaint on March 17, 1993, seeking reimbursement for the workers' compensation benefits paid to McCray.
On August 8, 1995, the defendants, Dattco and Marquez, filed CT Page 12573 an answer to the plaintiff's complaint and a cross claim against the state for an assessment of its proportionate share of liability under General Statutes § 52-572h (c) and (d), and an assessment of the percentage of negligence attributable to each party. The defendants argue that the state is responsible for the contributory negligence of its employee who was the driver of the automobile in which the plaintiff was injured.
On February 2, 1996, the state filed a motion to dismiss the cross claim for apportionment of liability arguing that the state is immune from liability under the doctrine of sovereign immunity and therefore this court lacks subject matter jurisdiction over the cross claim.
As required by Practice Book §§ 143, now Practice Book (1998 Rev.) § 10-31 and 204, now (1988 Rev.) § 11-10, the state filed a memorandum of law in support of its motion to dismiss and the defendants, Dattco and Marquez, filed a memorandum of law in opposition.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction."Johnson v. Department of Public Health, 48 Conn. App. 102, 108, ___ A.2d ___ (1998); Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.)Discover Leasing, Inc. v. Murphy, 33 Conn. App. 303, 306-7,635 A.2d 843 (1993); see also Antinerella v. Rioux, 229 Conn. 479,489, 642 A.2d 699 (1994). "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." Gurliacci v. Mayer, supra,218 Conn. 535.
"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Amore v. Frankel, 228 Conn. 358, 364,636 A.2d 786 (1994). "It is a long established rule of common law that the state is immune from suit unless it has legislatively CT Page 12574 consented to be sued." Lacasse v. Burns, 214 Conn. 464, 468,572 A.2d 357 (1990). "The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed, by the use of express terms or by force of a necessary implication. . . ." (Citations omitted; internal quotation marks omitted.) Struckman v. Burns, 205 Conn. 542, 558,534 A.2d 888 (1987).
"Before a claimant may pursue any monetary claim against the state, if the doctrine of sovereign immunity is applicable, the state must consent to be sued . . . . The claims commissioner, . . . may waive that immunity, pursuant to General Statutes § 4-160 (a), and consent to suit. Until that happens, however, the Superior Court has no jurisdiction to hear any such monetary claim." (Citations omitted.) Krozser v. NewHaven, 212 Conn. 415, 423, 562 A.2d 1080 (1989), cert. denied,493 U.S. 1036, 110 S.Ct. 757, 107 L.Ed.2d 774 (1990).
General Statutes § 52-572h (c) provides in pertinent part: "[i]n a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, eachparty against whom recovery is allowed shall be liable . . . ." (Emphasis added.)
In support of its motion to dismiss, the state argues that it is immune from liability as to the plaintiff because the plaintiff received his exclusive remedy under the Workers' Compensation Act, as the court, Gray. J., found in granting the state's motion for summary judgment on August 21, 1995. The state further contends that because it is not liable to the plaintiff, it is not a party "against whom recovery is allowed" under General Statutes § 52-572h. The state also argues that it is immune pursuant to § 52-102b (c).[1]
The defendants, Dattco and Marquez, present two arguments in opposition to the motion to dismiss. First, they contend that the states recovery under its intervening complaint should be reduced proportionately to its negligence. Secondly, they argue that they are entitled to an assessment of the proportionate share of economic and noneconomic damages attributable to the state and a reduction in their liability accordingly.[2]
The motion to dismiss is granted because the state did not consent to be sued and is immune as to any claims by the CT Page 12575 plaintiff. Such immunity can be the basis for a motion to dismiss: "the doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Amore v. Frankel, supra, 228 Conn. 364; see also Krozser v. New Haven, supra, 212 Conn. 423. Further, the state cannot be held liable for apportionment of damages under General Statutes § 52-572h because the state is not a party "against whom recovery is allowed." "There is nothing in the language of § 52-572h . . . which either expressly waives the states sovereign immunity or indicates a legislative intent to waive the states sovereign immunity for purposes of apportionment." Teasley v. Delta Elevator Services, Inc., Superior Court, judicial district of Waterbury, Docket No. 129123 (December 31, 1996, Pellegrino, J.) (18 Conn. L. Rptr. 367). "[I]f the state, by statute or otherwise, does not consent to be sued, it remains immune from suit irrespective of whether or not apportionment constitutes a cause of action upon which [the defendant] could recover monetary damages." Camejo v. SouthernConnecticut Gas Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310068 (December 6, 1995,Ballen, J.) (15 Conn. L. Rptr. 457).
The defendants Dattco and Marquez failed to demonstrate a legislative waiver of sovereign immunity, nor did they petition the Commissioner of Claims for such a waiver as is required for monetary claims against the state. See General Statutes § 4-160. The defendants cannot cross claim against the state for apportionment of liability because the state has not consented to be sued.
Because the state is immune under the doctrine of sovereign immunity, the court lacks subject matter jurisdiction. The state cannot be made liable for apportionment of damages as sought in the cross claim, thus the motion to dismiss is granted.
Howard F. Zoarski Judge Trial Referee