[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Re: Motion to Dismiss, # 101
This is a personal injury matter alleging negligence resulting from a fall on a defective sidewalk. The plaintiff has sued the defendant P.R. Scott Company a partnership which she alleges owns operates, managed, controls and maintains the apartment complex upon which the plaintiff fell as a result of the alleged defect. The defendant brings this Motion to Dismiss alleging the plaintiff has sued the wrong defendant and maintains that this court lacks jurisdiction. Further, it is the defendant's claim that the premises is owned by Scott Gardens rather than the entity sued by the plaintiff, P.R. Scott Company.
"The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter: (2) lack of jurisdiction over the person: (3) improper venue: (4) insufficiency of process: and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985). See also Knipple v. VikingCommunications, 236 Conn. 602, 608, n. 3, 674 A.2d 426 (1996), citing Practice Book § 143. "When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Antinerellav. Rioux, 229 Conn. 479, 489, 642 A.2d 699 (1994). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone . (1988); see also Amore v. Frankel, 228 Conn. 358, 366, 636 A.2d 786
(1994).
The plaintiff alleges that P.R. Scott was the owner of the premises. but in addition she also alleges that this defendant controlled, operated and maintained the premises. The court for the purposes of this motion must believe all of these allegations. This defendant does not have to be owner of the premises for it to be liable to the plaintiff if in fact the plaintiff can prove that this defendant "controlled" the premises. Furthermore, suing the wrong party, if in fact this defendant is the wrong party, is not a jurisdictional defect. If the plaintiff cannot prove that this defendant was the owner and/or controlled the premises then she will not succeed in CT Page 8797 proving each and every allegation of her complaint and there will be a judgement for the defendant. For the purposes of this motion the court must accept as a fact that this defendant was the owner and/or controlled the premises. There is no jurisdictional defect raised by the defendants Motion to Dismiss and therefore it must be denied.
PELLEGRINO, J