MARIAN FILIPEK *v.* J. WILLIAM
BURNS, COMMISSIONER OF
TRANSPORTATION, ET AL.
(AC 22473)

Dranginis, Flynn and Bishop, Js.

Argued February 25—officially released April 8, 2003

*James T. Scully*, for the appellants (defendants).

*Daniel B. Scott*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant J. William Burns, the former commissioner of the department of transportation (commissioner),[1] appeals from the trial court's denial of his motion to dismiss the complaint of the plaintiff, Marian Filipek, on the basis of the doctrine of sovereign immunity. Because the sovereign immunity of the state protects it from unauthorized claims and litigation, and because that protection is lost where the state is required to litigate the plaintiff's claim, the court's denial of the commissioner's motion is a final judgment, ripe for appeal. See *Shay* v. *Rossi*, 253 Conn. 134, 164, 749 A.2d 1147 (2000) (en banc), citing *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983).

The plaintiff had complained that she sustained injuries when she tripped and fell from a raised walkway adjacent to a department of motor vehicles building in New Britain. She also alleged that at the time of the incident, the commissioner was charged with the care and maintenance of the walkway and parking area of the department of motor vehicles facility.

In response, the commissioner filed a motion to dismiss, alleging that the locale of the plaintiff's alleged injury is not a public highway or otherwise within the state highway system under the authority of the commissioner. Therefore, the commissioner urged, the

---

[1] James F. Sullivan, the current commissioner of the department of transportation, also is a defendant. For convenience, we refer in this opinion to Burns and Sullivan, collectively, as the defendant.

plaintiff's claim does not come within the ambit of General Statutes § 13a-144, the statutory waiver for claims arising from injuries caused by defects in public highways. Additionally, the commissioner argued that there is no statute abrogating the state's sovereign immunity for accidents occurring on property of the department of motor vehicles.

Included with its motion to dismiss, the defendant submitted an affidavit signed by a department of transportation employee stating, inter alia, that the location of the plaintiff's fall was not on property that the commissioner owned, maintained or had a duty to maintain. The court, nevertheless, denied the motion to dismiss, reasoning that the allegations of the complaint fairly created a dispute of material fact.

Thereafter, the commissioner filed requests for admission in which the plaintiff was asked to admit, inter alia, that she had no evidence to prove that the location of the incident was owned or maintained by the commissioner and that the commissioner did not, in fact, have any duty to inspect, maintain or repair the area in question. The plaintiff did not respond to those requests for admission.

Thereafter, the commissioner filed a motion to dismiss anew, repeating his original assertion that the claim was barred by sovereign immunity. That motion was accompanied by several affidavits of department of transportation employees to the effect that the commissioner had no duty to inspect, maintain, or repair the area of the plaintiff's alleged fall. The commissioner also alleged that the plaintiff's failure to deny the requests for admission had the effect of conclusively establishing that the accident did not occur on property that the defendant has a duty to inspect, repair or maintain. That motion was denied on the ground that there

remained a genuine issue of material fact in dispute. This appeal followed.

"In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Tooley* v. *Metro-North Commuter Railroad Co.*, 58 Conn. App. 485, 491, 755 A.2d 270 (2000).

The commissioner correctly asserts that because the plaintiff did not respond or object to the requests for admissions, her silence should be deemed an admission of their truth and the statements admitted should be deemed conclusively proven. See Practice Book §§ 13-23 and 13-24. Once the commissioner submitted affidavits in conjunction with his motion to dismiss and brought to the court's attention the plaintiff's admissions to the requests for admissions, any presumption of truth in the plaintiff's assertion in her complaint that the defendant had a duty to maintain the site of the incident was defeated. See *Amore* v. *Frankel*, 228 Conn. 358, 368, 636 A.2d 786 (1994). In response to the motion to dismiss, it therefore was incumbent on the plaintiff to dispute the facts contained in the affidavits and established by her admissions. In the absence of any such response by the plaintiff, the motion to dismiss should have been granted.

The judgment is reversed and the case is remanded with direction to render judgment in favor of the defendants.