******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# MARY MARCIANO *v.* OLDE OAK VILLAGE CONDOMINIUM ASSOCIATION, INC.
## (AC 38543)

Lavine, Sheldon and Flynn, Js.

*Syllabus*

The plaintiff condominium owner sought to recover damages from the defendant condominium association under a theory of premises liability after she sustained personal injuries from a fall while exiting the rear of her condominium unit. The plaintiff alleged in her complaint that the defendant had possession and control over the premises where she fell. The condominium association declaration provided that each condominium owner was responsible for the maintenance, repair, and replacement of the area three feet parallel to the rear boundary of his or her unit. The plaintiff failed to respond to the defendant's requests for admissions that, inter alia, the location where she fell was less than three feet from the rear boundary of her condominium unit. The trial court granted the defendant's motion for summary judgment and concluded that, by virtue of the plaintiff's failure to respond to the defendant's requests for admissions, she was deemed to have admitted that the maintenance of the area where she fell was her responsibility, and that the defendant was not in possession or control of that area. On the plaintiff's appeal from the summary judgment rendered in favor of the defendant, *held* that the trial court properly concluded that there was no genuine issue of material fact that the defendant did not have possession and control over the area on which she fell and that the defendant was entitled to judgment as a matter of law; by failing to respond to the defendant's requests for admissions, the plaintiff was deemed to have admitted that she was responsible for maintaining the area where she fell, which defeated her assertion that the defendant had a duty to maintain the site of the incident.

Argued May 16—officially released July 25, 2017

*Procedural History*

Action to recover damages for personal injuries sustained as a result of the defendant's alleged negligence, brought to the Superior Court in the judicial district of New Haven, where the court, *Alander, J.*, granted the defendant's motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Robert J. Santoro*, with whom, on the brief, was *Andrew S. Knott*, for the appellant (plaintiff).

*Leah M. Nollenberger*, with whom was *Robert G. Clemente* and, on the brief, *Lorinda S. Coon*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Mary Marciano, appeals from the grant of summary judgment by the trial court in favor of the defendant, Olde Oak Village Condominium Association, Inc. The plaintiff had sought damages from the defendant for its alleged negligence after she suffered personal injuries from a fall on April 14, 2012, while exiting her condominium unit from a rear entrance. The plaintiff alleged in her complaint that the defendant had possession and control over the premises where her fall took place. On appeal, the plaintiff claims that the court erroneously concluded that there was no genuine issue of material fact that the defendant did not have possession and control over the area on which she fell. We affirm the judgment of the trial court.

Our standard of review is set forth in Practice Book § 17-49, which provides in relevant part that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "[T]he scope of our review of the trial court's decision to grant the plaintiff's motion for summary judgment is plenary." (Internal quotation marks omitted.) *DiPietro* v. *Farmington Sports Arena, LLC*, 306 Conn. 107, 116, 49 A.3d 951 (2012).

Our resolution of the plaintiff's claim hinges on our examination of her complaint, which alleges that the defendant was responsible for the upkeep of the lawn on which the plaintiff fell and that her fall was due to the "negligence and carelessness of the defendant" due to its failure to maintain the area in which the plaintiff fell and warn the plaintiff of a dangerous condition.

As the trial court noted in its October 20, 2015 memorandum of decision granting the defendant's motion for summary judgment, the parties were in agreement "that the defendant had the duty to use reasonable care to maintain in a reasonably safe condition those areas of the premises over which it exercised control." The court also noted that the condominium association declaration, which was admitted into evidence in support of the defendant's motion for summary judgment, provided that each condominium owner shall be responsible for the maintenance, repair, and replacement of certain limited common elements, which included the area three feet parallel to the rear boundary of the unit.

The plaintiff failed to timely answer the defendant's requests for admissions and did not file any objection to the requests or seek to further extend the March 1, 2014 deadline set by the court for the plaintiff's answer. Those requests stated, inter alia, "[y]our fall occurred when you stepped on a rock on the ground at the bottom of your rear deck stairs," and that "[t]he location of the rock on the ground where you fell is less than three

feet from the rear boundary of your unit."[1] The court concluded that, by virtue of the plaintiff's failure to respond to these requests for admissions, the plaintiff was deemed to have admitted that maintenance of the area in which the plaintiff fell was the responsibility of the unit owner and the defendant was not in possession and control of the area of the fall.

"Liability for injuries caused by defective premises . . . does not depend on who holds legal title, but rather on who has possession and control of the property. . . . Thus, the dispositive issue in deciding whether a duty exists is whether the [defendant] has any right to possession and control of the property." (Citation omitted; internal quotation marks omitted.) *Sweeney* v. *Friends of Hammonasset*, 140 Conn. App. 40, 50, 58 A.3d 293 (2013). When a party has not timely responded or objected to a request for admission or sought to amend or withdraw that admission, then "any presumption of truth in the plaintiff's assertion in her complaint that the defendant had a duty to maintain the site of the incident [is] defeated." *Filipek* v. *Burns*, 76 Conn. App. 165, 168, 818 A.2d 866 (2003); see also Practice Book § 13-24 (a) ("[a]ny matter admitted under this section is conclusively established unless the judicial authority on motion permits withdrawal or amendment of the admission"). In light of the facts the plaintiff is deemed to have admitted, the court properly concluded that there was no genuine issue of material fact and that the defendant was entitled to judgment as a matter of law.

The judgment is affirmed.

[1] In addition, by virtue of her failure to timely respond to the defendant's requests for admissions, the plaintiff is deemed to have admitted that she was "responsible for the maintenance of the area" in which she fell pursuant to the condominium declaration, and that the defendant "was not responsible for maintaining the area three feet parallel to the rear boundary of [the plaintiff's] unit."